No. 8753.

COREY *v.* COREY.

DIVORCE.— *Alimony.* — *Attorney's Fees.* — *Antenuptial Contract.* — Where at marriage the wife is 33 and the husband 77 years of age, and there was an antenuptial contract concerning property, containing a release of all share in the husband's estate upon his death, and it appeared that the

husband had made provision for the wife beyond the requirements of the contract, an allowance to the wife of $25 for attorney's fees, and a refusal to allow alimony, will not be disturbed by the Supreme Court.

From the Madison Circuit Court.

*W. R. Pierse* and *C. B. Gerard,* for appellant.

*E. P. Schlater* and *C. L. Henry,* for appellee.

FRANKLIN, C.—The court below decreed a divorce to appellant on a charge of cruel treatment by appellee. The day after the divorce was decreed appellant filed a motion to require appellee to pay her necessary expenses, in the sum of two hundred dollars, in the prosecution of the divorce suit; the motion or petition was verified by appellant, and the affidavits of her two attorneys were filed in connection therewith, stating that she had agreed to pay them two hundred dollars as attorney fees, for prosecuting the divorce case. Upon which the court allowed her $25, and made an order that appellee pay the same.

Appellant excepted, for the reason that the court did not allow enough.

On the third day after the divorce was decreed, appellant filed a motion asking the court to allow and adjudge to her alimony in the sum of $2,000, which motion was overruled by the court. The appellant then filed a motion for a new trial as to the alimony, which was also overruled and exceptions reserved.

The following errors have been assigned in this court:

1st. Overruling motion for a new trial.

2d. Overruling motion for alimony.

3d. In only allowing $25 for expenses.

At the time of the trial, April, 1880, appellant was thirty-six years old, and appellee eighty. They were married January, 1876, and separated December, 1879. At the time of the marriage, appellee had considerable property; appellant had none. There were no children by this marriage, but appellee had a family of children by a former marriage.

Before this marriage the parties entered into an antenuptial contract, dated January 1st, 1876, and which reads as follows: "Whereas we have heretofore entered into a contract to be united together in the holy bonds of matrimony as husband and wife, which contract is hereafter to be completed and solemnized: We now, before the final consummation and solemnization of said marriage contract, have entered into the following antenuptial contract and agreement, to wit: The said Abner Corey agrees and binds himself that as long as they shall both live after their marriage as intended, he will ever provide for and treat the said Catharine H. Ross, as a good and faithful husband should do, and that if he shall die first, then, at his death, said Catherine H. shall take as her portion of his goods the following real estate in Madison county and State of Indiana:" (then follows a lengthy description of a lot in Anderson); "also she shall have as her own, without appraisement, all the household and kitchen goods and furniture owned by said Corey at the death of said Corey; also there shall be paid to her of any property, seven hundred dollars ($700) in money at my death or in six months thereafter, to be her own forever. And in consideration of the above and foregoing, the above named Catharine H. Ross agrees and binds herself that after their marriage as agreed and anticipated, that she will dwell with, care for, and cherish and love and respect the said Abner Corey as a faithful and dutiful wife should, so long as they shall both live. And if the said Abner Corey die first, she hereby agrees and binds herself, that she will receive and accept the above described house and lot during her lifetime, and the household and kitchen goods and furniture, and the seven hundred dollars ($700) in money, as above named, in full of all her interest, right, title and claim in and to all the property, both real and personal of said Corey at the time of his death, and that the same shall be in full of all her rights and claims to and in the property of said Corey, as his widow, and that at his death she will release and turn over to the other heirs,

children and legal representatives of said Corey, all of his property, real and personal, of every kind, except the property above enumerated and described as her own share and part of his, said Corey's, property."

Before the separation, appellee had deeded to appellant the house and lot described in Anderson, worth some $1,200 ; the house was afterwards burned, and left the lot worth some $400. He had given her $100, with which she had bought another lot, upon which he built her a house, at a cost of $535 ; he had bought for her an organ, at a cost of $200 ; he had given her a note, secured by a mortgage, for $125 ; he had given her another note, not secured, for $45 ; had surrendered, cancelled and destroyed a note on her father for $25, at her request. At another time, had given her $100 in money ; when they separated he gave to her $40 in money and the household furniture.    He afterwards had given to her $25 at one time and $10 at another time.

Thus she had received all the property provided for in the the antenuptial contract but the $700, but in the place of which she had received some $1,500 in money and other property.    She had, however, surrendered to him a note for $300, which he had executed to her before marriage in compromise of a suit for a breach of marriage contract, which she had brought against him.

That no additional property was accumulated during the marriage relation between them, and that his property was worth some $10,000, which remained undistributed as advancements to his children.

Considering the great disparity between the ages of the parties, appellant could not very flatteringly hope for many years of social enjoyment with appellee, and that it required some other considerations than love and affection to create much congeniality between the parties.    Too often such considerations bring about unfortunate matches.    Since this appeal, the appellee has departed this life, and the name of his executor, Edward R. Carman, has been substituted.

Corey v. Corey.

In actions of divorce, the question of alimony must necessarily be left largely to the discretion of the court below, and unless there has been a clear abuse of the exercise of that discretion, this court will not interfere. *Powell* v. *Powell*, 53 Ind. 513; *Conn* v. *Conn*, 57 Ind. 323.

Upon an examination of the facts and circumstances in this case, as developed by the evidence, we do not see any sufficient equitable reason for coming to the conclusion that the court below had abused its discretionary powers in relation to the alimony that should be allowed appellant. She not only got as much, but more than she contracted for in the marriage, and the rule of the law established in this State by precedents, that when the property has been accumulated by the joint efforts, care and diligence of both the parties, the wife ought to have about the same share that she would be entitled to at the death of her husband, all things being considered, does not apply in this case. The question of the accumulation of the property is out of the case.

There was no error in the court's overruling the motion for alimony, or the overruling of the motion for a new trial, as to the claim for alimony.

As to the motion to require appellee to pay appellant's expenses in the prosecution of the divorce suit, that was also addressed to the sound discretion of the court. No agreement that she could make with her attorneys could have any binding force as to how much should be allowed. While the sum seems small, we can not overlook the fact that the court had cognizance of all the facts and circumstances of the case, and we can not say that the court erred in the amount allowed. The judgment below should not be reversed for this reason. We see no error in this record. The judgment below should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.