# MARTIN M. MULHALL *vs.* ELIZABETH MULHALL.

*Divorce: maintenance and counsel fees for wife; discretion of Court; notice of order.*

When a wife is living apart from her husband and a bill for divorce is filed by either party, the Court will make an allowance to the wife for support and counsel fees, due regard being had to the financial condition of the parties, and to the husband's earning capacity. p. 26

The amount is within the Court's discretion, but is always reviewable on appeal; but is not to be disturbed, unless the Court of Appeals is thoroughly satisfied that there is error in respect to the amount named. p. 26

The fact that the husband might not be able to support the wife is no defense to the passage of such an order for her maintenance and counsel fees. p. 27

In general, notice of such an order should be given; but if proper in other respects, such an order will not be disturbed on appeal, merely for want of notice. p. 27

*Decided February 15th, 1913.*

Two appeals in one record from two orders of the Circuit Court of Baltimore City (HARLAN, C. J., and ELLIOTT, J.).

The facts are stated in the opinion of the Court.

The two appeals were argued together before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John P. O'Ferrall,* for the appellant.

*Henry H. Dinneen* (with whom was *Roland R. Marchant* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The record in this case contains appeals from two orders passed by the Circuit Court of Baltimore City; the first allowing to the appellee alimony *pendente lite* and counsel fees, in the lower Court, and the other allowing counsel fees to the appellee, upon the appeal, by the appellant, to this Court from the first order.

The appellee filed on July 2nd, 1912, a bill praying for a divorce, *a mensa et thoro,* from the appellant, on the ground of abandonment and desertion, and asking for alimony *pendente lite* and counsel fees for the prosecution of her suit, after reciting that she was wholly without funds.

The bill recites, so far as is necessary for a decision of these appeals, that by reason of her husband's wilful refusal to support her, and their five children, she was compelled to return to her father's home in Cleveland, Ohio, in the year 1901, where she has resided ever since, living upon the bounty of her father and other relatives; with the exception of that from July, 1906, to January, 1911, her husband contributed fifty dollars a month, and from January, 1911, to August, 1911, thirty dollars a month, to their support, but that since said last date he has contributed nothing.

That from September, 1901, to the beginning of the year 1912 the defendant was making a salary of from $3,500 to $4,000. That for the past eight years the defendant has maintained a home and lived in the City of Baltimore, in

adultery with a woman known by the name of Lula K. Mulhall, and who passes as the wife of the defendant. That said woman is now being kept in a sanatarium, by the defendant, at an expense of one hundred dollars per month. That the defendant has purchased six, or more, tracts of real estate in Baltimore, the title to which has been taken by the defendant in the joint names of himself and Lula K. Mulhall, "his wife," as tenants by the entireties. That all of said property was unencumbered. On the same day the Court passed an order *nisi;* ordering the defendant to pay the appellee one hundred dollars a month alimony *pendente lite* and one hundred and fifty dollars for counsel fees, unless cause to the contrary was shown on or before July 20th, 1912, provided a copy of bill and order was served upon defendant before July 10th, 1912.

On July 17th, 1912, the defendant filed an answer, among other things denying the charge of abandonment and desertion; alleging that from 1901 to 1904 he made no money, but from 1904 to October, 1911, he received a salary of forty dollars a week, which was later increased to fifty, sixty and finally to seventy-five dollars per week, until he lost his position.

He neither admits nor denies, that he has maintained a house in Baltimore in which he has installed Lula K. Mulhall as his wife, nor that he is keeping her at an asylum at an expense to him, of one hundred dollars per month. He admits that certain property in Baltimore City has been transferred to "Martin M. Mulhall and Lula K. Mulhall, his wife, the object and intent of which will hereafter be disclosed unto your Honor at the proper time." That a portion of said property is encumbered by mortgage.

On the same day he also filed a cross-bill, praying for a divorce *a vinculo matrimonii* on the ground of desertion.

On July 26th, 1912, the Court, after consideration of the bill of complaint, answer and cross-bill, passed an order, directing that the defendant pay the appellee forty dollars a

month, for alimony *pendente lite,* and one hundred and fifty dollars for counsel fee. From this order the first appeal was taken July 31st, 1912.

On August 8th, 1912, the appellee filed a petition setting out that an appeal had been taken from the order granting her alimony and counsel fees, and alleging that she was wholly without funds to employ counsel to defend her suit in the Court of Appeals, and that she is dependent, for the necessities of life, upon her father and brothers and the earnings of three of her children. And again further sets out that, while she is in destitute circumstances, her husband is the owner of a large number of valuable pieces of property situate in Baltimore and is fully able to bear the expense of the employment of counsel by the appellee.

Upon this petition an order *nisi* was passed, ordering the defendant to show cause, on or before August 23rd, 1912, why he should not pay the appellee one hundred and fifty dollars for counsel fee.

On August 21st, 1912, the defendant filed his answer to the petition. He denied that the appellee was wholly without funds to employ counsel or that she was in destitute circumstances. And alleged that she occupied a house in Cleveland, free of any cost to her, and "which is understood to be her property", and has a value including its furnishings of seven thousand dollars. He alleged that she is supported by the earnings of her children, whose earnings total two hundred dollars a month. That the children are in a position to defray the expenses of this litigation.

Upon the petition and answer the Court passed an order allowing the appellee one hundred dollars for counsel fees in this Court. This action constitutes the second appeal.

It is conceded by the appellant that the appellee is entitled to reasonable counsel fees and alimony *pendente lite.* This is the established law and practice in this State, and the authorities are so numerous and of such unanimity that it is not necessary to cite any authorities except to say that

from *Daiger* v. *Daiger*, 2 Md. 335, to the *Buckner Case*, 118 Md. 263, there is an unbroken line of cases to the effect, that when a wife is living separate from her husband upon the filing of a bill for divorce by either, the Court having regard to the financial condition and earning ability of the husband and the financial condition of the wife, will make an allowance to the wife for her support and maintenance, together with a sum for the employment of counsel to prosecute her suit or defend her. The amount is left to the discretion of the Court upon a consideration of the circumstances of each particular case, but it is always reviewable by this Court (*Chappell* v. *Chappell,* 86 Md. 532), but "it should not disturb the large discretion vested in the Chancellor, unless it is thoroughly satisfied that there has been error in respect to the amount named." *McCaddin* v. *Mc-Caddin,* 116 Md. 572.

Then, were the amounts named by the lower Court unreasonable? We have on one side a wife making affidavit that, by the action of a husband in failing to keep her, she was compelled to seek the shelter of her father's home for herself and their five minor children. That covering a period of ten years he has contributed less than two hundred and seventy-five dollars a year to their maintenance, although during the greater part of that time he was earning a large salary. That for a year before the filing of the bill he had contributed nothing whatever; that, during the whole of their separation, he had maintained a home for himself and another woman, passing as his wife, and was even then, in addition, furnishing one hundred dollars a month for that woman's treatment in a hospital. That he and this same woman were the owners of valuable property in the City of Baltimore. That up to a short time before this suit he had been receiving a large salary. And that she was destitute of funds for the purpose of this suit.

On the other hand, we have a husband, after he had been called upon to show cause why he should not pay his wife

a certain sum, showing what? Showing that he is not keeping another home with a mistress in it, and contributing a large amount monthly for treatment for her? No, but neither admitting nor denying it. Denying that he had large holdings of city realty? No, admitting it. Admitting that he has drawn a large salary for several years, but that he lost his position. No word as to why a man who had the ability to earn such a large salary, for such a number of years, was unable to earn anything for over a year. And finally, the bold proposition that his own children should finance his wife with the funds to carry on this litigation. We think in view of these facts as to the defendant's condition the amounts fixed by the lower Court were proper and reasonable.

The appellant contends that the Court should not have passed the order without first having heard testimony upon the averments contained in the bill, answer, cross-bill, etc.

This Court in the case of *Buckner* v. *Buckner,* 118 Md. 263 (Second appeal), where an order in a similar case had been passed without notice, said: "The appellant objects to the order because it was passed without notice to him. But that circumstances does not affect the validity of the order. The Court had jurisdiction of the subject-matter and the parties, and whilst it may be conceded that the order was improvidently or irregularly passed without notice to the appellant, it was not for that reason void for want of jurisdiction in the Court. Undoubtedly, such orders should not be passed, except in exceptional cases, without notice to the parties to be affected, but, as the order appealed from is in all other respects free from objection, it will be affirmed."

*The orders appealed from will be affirmed, with costs to the appellee.*