Argued April 18; affirmed May 14; rehearing denied June 25, 1935

# FISHER *v.* FRED W. GERMAN CO. ET AL.

## (44 P. (2d) 1076)

*Wilber Henderson,* of Portland (Henderson & Warner, of Portland, on the brief), for appellants.

*Junius V. Ohmart,* of Portland, for respondents.

RAND, J. This is an action to recover damages for fraudulent representations alleged to have been made to the plaintiffs by the defendant, Fred W. German Company, an Oregon corporation. The action was brought by J. H. Fisher, who has since died, and Della Fisher, his wife, who, as administratrix of his estate, has been substituted for him in the action.

The Fred W. German Company is a licensed real estate broker transacting its business in the city of Portland and will be hereinafter referred to as the broker. The Century Indemnity Company was the surety on the bond of the broker filed pursuant to section 63-720, Oregon Code 1930, in the office of the real estate commissioner of the state of Oregon.

The fraudulent representations complained of are alleged to have been made in respect to the consideration received by the broker while acting as the agent of plaintiffs in the exchange of plaintiffs' lands for other property. The cause was tried before the court and a jury and a verdict rendered in favor of the plaintiffs. From the resultant judgment, the defendants have appealed, assigning error upon three grounds: (1) that the court erred in overruling defendants' motion for nonsuit; (2) its refusal to give an instruction requested by the defendants, and (3) the insertion in the judgment of an amount as attorneys' fees.

In support of their first assignment, the defendants say: "that plaintiffs offered no evidence whatsoever to sustain the allegations of their complaint as to

the value of the property alleged to have been received by appellant, Fred W. German Company, as its secret profit''.

The evidence offered by the plaintiffs tends to show that the broker, as agent for the plaintiffs, after having contracted to effectuate an exchange of plaintiffs' lands for other property for a stated commission, had effectuated the exchange and had received and retained for its own use other property without disclosing the same to plaintiffs, or compensating them therefor. There was also evidence tending to show that the parties with whom the exchange was made, in contracting to purchase the property given in exchange for plaintiffs' lands, had paid the sum of $1,000 and subsequently had made valuable improvements thereon and that, in making such exchange, they had assigned their interest under the contract for the purchase of said property to the broker, and also had assumed a mortgage for $650 on plaintiffs' lands and had executed and delivered to plaintiffs a second mortgage thereon in the sum of $790, and that, at the time the contract was assigned to the broker, the full purchase price contracted to be paid for the property so exchanged had been paid with the exception of $220 which sum was paid by the broker upon receiving a deed therefor.

This evidence was received without objection upon the part of the defendants and we think was sufficient, in the absence of any contrary proof, to justify the jury in finding that the value of the property so received by the broker was $1,243, as found by the jury after deducting from its value the sum paid by the broker in obtaining title thereto. For these reasons, we think the overruling of defenants' motion for nonsuit, as against that particular objection, was proper.

■ The requested instruction not given and assigned as error was as follows:

"I instruct you that if you find by a preponderance of the evidence in this case that Fred W. German Company took title in its own name in the Ardenwald Property without the knowledge of J. H. Fisher or Della Fisher or either of them as a part of the transaction relating to the exchange or sale of the ranch property in Washington County, you can assess their damage in an amount not exceeding the actual value of the Ardenwald property at the time of the transaction, after deducting therefrom all moneys paid out by the Fred W. German Company for interest, taxes and other costs and expenses incident to the consummation of the deal whereby plaintiff disposed of the ranch property in Washington County."

We think it was not error for the court to refuse to give that instruction since, by other instructions, the court had instructed the jury to the same effect. Among other things, the court told the jury that:

"The liability of an agent, a real estate agent, for secret profits, is an accountability to the principal or the other party to the agency contract for the value of the secret profit, the monetary value of the secret profit that he may have received. * * * In this case, if you should come to the conclusion that the plaintiff is entitled to recover, the measure of that recovery would be the net value of the secret profit, if any, accruing to the defendants by reason of this transaction."

It is argued that the words "net value of the secret profit", contained in the foregoing instruction, did not adequately inform the jury of the items that should be deducted from the value of the property received by the broker. A careful study of the evidence, however, convinces us that the amount of the verdict was determined after all proper deductions had been made and

this, we think, shows that the jury could not have misunderstood the instructions as given by the court.

■ In their complaint, the plaintiffs demanded judgment for $350 as attorneys' fees in the action. The answer denied that plaintiffs were entitled to recover any sum as attorneys' fees. Upon the trial of the cause, no evidence was offered as to what would constitute reasonable attorneys' fees for plaintiffs, should judgment be entered in their favor, and no finding thereon was made by the jury in the verdict. After the jury had been discharged, the court gave judgment for the amount of the verdict and for $300 as attorneys' fees and for the costs of the action. This allowance of attorneys' fees is assigned as error.

In actions of this nature, that is to say in an action against a real estate broker and its surety to recover for the wrong done by a broker to the person for whom he was acting, the statute, section 63-722, Oregon Code 1930, expressly provides for the allowance of attorneys' fees. It provides among other things that: "In all cases where suit is brought for the purpose of collecting damages the court shall, upon entering judgment for the plaintiff, allow, as part of the costs in said suit, a reasonable amount as attorneys' fees." The language of the statute is mandatory and its directions are explicit. By force of the statute, it became the duty of the court, upon entering judgment for the plaintiffs, to allow, as part of the costs in the suit, a reasonable amount as attorneys' fees. Under these circumstances, we do not think it was the duty of the court to submit the question to the jury, or to act upon the expert testimony of witnesses in determining the amount to be awarded as attorneys' fees in the action. Had witnesses been called to prove the value of the services performed by plaintiff's attorneys and their evidence taken and sub-

mitted to the jury, under the well-established practice in this state, the jury would have been free to have found a less amount as attorneys' fees than those testified to, even though no other testimony upon that question had been offered in the case. The same would have been true had the case been tried by the court without a jury. In either of said cases, the amount fixed by the court or jury would be the amount determined to be reasonable in the particular case. The jury, of course, would have no expert knowledge as to what would constitute a reasonable attorney's fee in the absence of proof. That condition, however, does not exist where the case is tried by the court, who has the entire record of the case before him and who has heard all the testimony given upon the trial. There was, therefore, no reason in a case of this character why expert testimony should be given as to the reasonable value of attorneys' fees when the same are to be fixed by the court, and, since the duty devolves upon the court by virtue of the statute, to allow attorneys' fees in this class of actions, we think it was not error for the court to allow attorneys' fees although no evidence had been offered upon the amount thereof and the same had not been fixed by the jury. We consider the amount found by the court to be reasonable as shown by the record.

Finding no error in the record, the judgment of the lower court is affirmed.

CAMPBELL, C. J., and BAILEY and ROSSMAN, JJ., not sitting.