SINCLAIR ESTATES, INC. *v.* CHARLES R.
GUTHRIE COMPANY, INC.
CHARLES R. GUTHRIE COMPANY, INC.
*v.* SINCLAIR ESTATES, INC.

(Two Appeals in One Record)

[No. 72, September Term, 1960.]

*Decided December 9, 1960.*

*Motion for rehearing filed by Sinclair Estates, Inc., December 27, 1960, denied January 18, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Julius G. Maurer* and *Delverne A. Dressel* for the appellant and cross-appellee.

*Mitchell Stevan* for the appellee and cross-appellant.

PER CURIAM.

On the original appeal, the developer-appellant (Sinclair) contends that it was reversible error to exclude testimony with respect to an alleged oral agreement made by the attorney of the contractor-appellee (Guthrie) with the developer during the course of negotiations between them as to the payment of an unpaid requisition for work performed under the contract between the parties for the construction of sewer lines in a residential development.

On the cross-appeal, the contractor-cross-appellant contends that it should not have been required to pay one-half of the master's fee and stenographic expenses.

While construction of the project had gone forward satisfactorily for several months, it virtually came to a standstill when running sand and water were encountered in a swampy area. The result was dissatisfaction on the part of both parties. The developer declined to make further payments under the contract. The contractor, in turn, refused to proceed fur-

ther with the work, and filed a mechanics' lien and a suit at law to recover damages for breach of contract. The developer, besides filing pleas in bar and a counter-claim for damages for breach of contract in the law case, also filed a suit in equity involving the same or similar issues. The suits were consolidated for trial, and when the detailed nature of the proceedings became apparent, the cases were referred to a master for the purpose of taking testimony and making a report and recommendations to the court. During the course of that hearing each of the parties waived its respective claim for damages under contract items one and two (secondary sewer lines), and the master at the conclusion of the hearing recommended the entry of a judgment for $8,949.50 in favor of Guthrie against Sinclair under item one (main sewer line), with interest from a specified date and costs in all of the law and equity suits.

In its exceptions to the report of the master, Sinclair set forth numerous specific reasons as to why the recommendation of the master should not be adopted as well as the general one of "other reasons" to be assigned at the hearing, but made no mention therein of the only claim it asserted on this appeal with respect to an alleged improper exclusion of testimony at the hearing before the master. Nor does it appear from the record that the appellant raised the point at the hearing before the lower court. In this Court it was claimed that the point was raised orally below and adversely disposed of there when the lower court said in its opinion that "[a]ll exceptions to the report, * * * on the grounds as stated * * * and argued before the court, are overruled." But, again, an examination of the docket entries and the record fails to disclose a motion aimed at raising the point, or any request to take oral testimony in open court, or any attempt to argue the point in the lower court. In short, since it "does not plainly appear by the record" that the point was either raised or was even so much as mentioned in the pleadings, the evidence or the arguments below, it is clear that the judgment appealed from must be affirmed. Maryland Rule 885; *Eastover Stores, Inc. v. Minnix,* 219 Md. 658, 676, 150 A. 2d 884 (1959); *Lewis v. Accelerated Transport-Pony Express, Inc.,* 219 Md. 252, 257, 148 A. 2d 783 (1959).

With respect to the cross-appeal from the order requiring the original appellee to pay one-half of the master's fee and the stenographic expenses, it appears that the payment of costs is now regulated by Rule 604a, which provides that "the prevailing party shall be entitled to the allowance of court costs" *unless* otherwise provided by law or "ordered by the court." Therefore, since the allowance of costs was clearly within the sound discretion of the trial court unless abused, and since there was no showing of an abuse of discretion, the order relating to costs must also be affirmed. See the equity decisions before the adoption of Rule 604, *supra,* such as *Zalis v. Walter,* 181 Md. 662, 28 A. 2d 849 (1942) ; *Gebhart v. Merfeld,* 51 Md. 322 (1879), and *Hamilton v. Schwehr,* 34 Md. 107 (1871), holding that the assessment of costs was within the sound discretion of the trial court.

*Judgment for appellee affirmed; order relating to payment of costs below affirmed; all costs in this court to be paid by appellant.*