## STEIN *v.* STEIN

[No. 390, September Term, 1967.]

*Decided November 8, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Stanley B. Frosh* for appellant.

*Charles Norman Shaffer,* with whom were *Shaffer, Mc-
Keever & Fitzpatrick* and *H. Don Cummings* and *Davidson,
Sharkey & Cummings* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Appellee, the husband, was granted a divorce *a mensa et
thoro* from appellant on March 10, 1966, on the ground of de-
sertion on August 4, 1965. Appellee filed a supplemental bill
of complaint on March 2, 1967, praying for a divorce *a vinculo
matrimonii.* The chancellor granted the divorce on the basis
of the prior desertion.

The wife complains to this Court that the trial court erred
in granting a divorce on the ground of desertion, that she
should be allowed alimony notwithstanding the fact that she
was determined not to have grounds for divorce, that the coun-
sel fees allowed to her attorney were inadequate, and that she
should have been allowed costs of depositions and expenses in-
curred by way of detective fees.

The wife denies that her desertion was *res judicata* by rea-
son of the granting of a divorce *a mensa et thoro* to her hus-
band on the ground of her desertion. What the wife really seeks
to do here is to litigate again the question of whether she had
proper cause for moving out of the home of the parties. In the
first action she filed suit for divorce *a mensa* on the ground of
constructive desertion. The husband countered with an action
against her for desertion. The chancellor held that she did not
have good cause for leaving the home. She did not appeal.

In *Ashman v. Ashman,* 201 Md. 445, 94 A. 2d 257 (1953)
the wife had previously been granted permanent alimony on
the ground of desertion, an action affirmed by this Court in

*Ashman v. Ashman,* 194 Md. 565, 72 A. 2d 250 (1950). The husband then filed in the same proceeding a petition alleging a voluntary separation as of the date of the prior determined desertion, praying a divorce *a vinculo matrimonii* and for termination of the alimony decree. We there said:

> "* * * Here the appellant seeks, by petition in the same case, to render nugatory the action of the chancellor and the action of this Court in that case by an allegation which, if true, he was certainly aware of during the pendency of the case and did not disclose to this Court either in his brief or in the argument. Here is attempted a reargument of the former appeal. The law requires that there should be an end of litigation, and where a party has had a full and fair opportunity presented of making all the defenses at his command to an asserted right or claim, and being well aware thereof does not do so, he cannot later be heard to say that he did not avail himself of them. [citing authorities]" *Id.* at 450-451.

The prior *a mensa* decree was binding upon the parties as to the lack of justification of the wife for leaving the home of the parties. See *Besche v. Besche,* 209 Md. 442, 121 A. 2d 708 (1956); *Zukerberg v. Zukerberg,* 188 Md. 428, 53 A. 2d 20 (1947); and *Kruse v. Kruse,* 183 Md. 369, 37 A. 2d 898 (1944).

The doctrine that there can be no grant of permanent alimony unless the wife can show grounds sufficient to support a decree of divorce, either *a vinculo* or *a mensa,* is so well established it ought not be necessary to reiterate it. *Golas v. Golas,* 247 Md. 621, 233 A. 2d 804 (1967); *Levy v. Levy,* 229 Md. 103, 181 A. 2d 663 (1962); and *Russell v. Russell,* 224 Md. 329, 167 A. 2d 770 (1961). Appellant urges upon us that we should relax this absolute rule. Such relaxation must come, if it is to come, from the General Assembly.

The lower court allowed a fee of $250.00 to the wife's attorney. In making the award, there was an indication that the allowance was for the wife's role in the litigation for the benefit

of the minor child, additional counsel fees apparently having been denied on the theory that since the husband was successful in the divorce action the wife was not entitled to counsel fees. There had been a petition for counsel fees in the *a mensa* proceeding. The wife in this proceeding unsuccessfully opposed the divorce on the grounds of recrimination.

The wife is gainfully employed at the National Institute of Health, earning a take-home pay of approximately $280.00 per month. The husband has an income of approximately $15,000.00 per year. He is a self employed operator of a printing business. As has been said by this Court many times, the wife is a favored suitor and she should be allowed an amount for counsel fees which will afford her an efficient presentation of her side of the controversy, considering the financial circumstances of the parties, the ability of the husband to pay and the factors of labor, skill, time and benefits in the representation. We think she was entitled to representation by counsel and that $350.00, $100.00 more than she was allowed, would have been a proper fee.

The wife also appeals from the order of the trial court allowing her counsel a fee of $250.00 for prosecution of the appeal in this Court and ordering the husband to pay $350.00 as an allowance for costs on appeal. The wife's contention that her attorney should have been allowed a fee of $2500.00 below and $1500.00 on appeal is not in accordance with the aforegoing criteria. We believe that a total fee of $500.00 in this Court, $250.00 more than was allowed would be proper. The husband should pay the entire cost of printing the appellant's brief and record extract.

Appellant complains of the refusal of the trial court to direct the husband to pay the cost of depositions for discovery and preservation of evidence and expenses incurred by way of private detective fees. The opinion of the lower court does not mention these matters. No petition relative to these matters is printed in the record extract, except for the prayer in the answer to the supplemental bill of complaint for "the costs in this action." No evidence relative to these matters is printed in the

304

record extract. Accordingly, we conclude under Maryland Rule 885 that this matter is not before us for review.

> *Decree modified to reflect the views expressed in this opinion, and affirmed as modified.*
> *Costs to be paid by appellee.*