ALEXIS VON BRETZEL *v.* LEONA C.
VON BRETZEL

[No. 259, September Term, 1970.]

*Decided December 8, 1970.*

---

The cause was argued before MURPHY, C.J., and ANDERSON and POWERS, JJ.

*Henry J. Noyes* for appellant.

*Thomas L. Beight* for appellee.

POWERS, J., delivered the opinion of the Court.

Upon complaint by the husband and counter-complaint by the wife, each praying a limited divorce for desertion (constructive or actual), and after trial, Judge Moore in the Circuit Court for Montgomery County granted a divorce *a mensa et thoro* to the wife on her counter-complaint. He directed that custody of the son of the parties remain in the father, reserved in personam jurisdiction to award alimony to the wife, and ordered the husband to pay $500.00 of the attorney's fee incurred by the wife.

In this appeal the husband raises only one point; that the Chancellor lacked the legal power to order the payment of the attorney's fee, in the absence of a finding that

the wife's income is insufficient to care for her needs. He argues that since an award of alimony must be similarly justified, and none was made (although jurisdiction to do so was reserved), then the requisite finding of need is absent. He does not question the amount of such.

The statutory basis for award of alimony is Code, Article 16, Section 3. It provides: "In cases where a divorce is decreed, alimony may be awarded." Section 2 deals with alimony as a separate cause of action (not involving a prayer for divorce). Section 5 (sometimes known as the "golddigger statute") places a limitation upon the award of alimony and counsel fees. Prior to July 1, 1969, that section read:

> "In all cases where alimony or alimony pendente lite and counsel fees are claimed, the court shall not award such alimony or counsel fees unless it shall appear from the evidence that the wife's income is insufficient to care for her needs."

By amendment effective July 1, 1969, the original section was made subsection (a), and a new subsection (b) was added as follows:

> "In all cases where a decree of the court is silent as to alimony, or where a decree of the court reserves alimony, it shall be within the sole discretion of the court that issued such decree as to whether alimony pendente lite on appeal shall be granted."

In *Bowis v. Bowis*, 259 Md. 41, 267 A. 2d 84 (1970), and cases there cited may be found the judicial policy of this state on questions of alimony, support, maintenance, and counsel fees. There are no pat rules or statutory mandates to be followed. The remedy must be tailored to the facts of each particular case. It is significant that subsection (b) above shows the intent of the legislature that even when a decree reserves alimony (presumably to reserve the right, though not presently needed), the court

is given discretion to order alimony *pendente lite* on appeal.

We conclude, and hold, that the sufficiency of the wife's income may, and ordinarily should be considered separately in relation to her needs for normal living expenses, and her needs for such extraordinary expenses as counsel fees for divorce litigation. It follows that the Chancellor had the power to require the husband to pay a part of the wife's legal expense, even though no alimony is presently needed. It is apparent from the record that her income and her current needs were in approximate balance, and her legal expenses justified supplementation.

*Decree affirmed; costs to be paid by appellant.*