RAYMOND J. FLANAGAN *v.* BONNIE J. FLANAGAN

[No. 360, September Term, 1972.]

*Decided February 5, 1973.*

The cause was argued before MORTON, CARTER and SCANLAN, JJ.

*John F. Lillard, Jr.,* for appellant.

*William W. Grant,* with whom was *Mary Ellen Brooke* on the brief, for appellee.

SCANLAN, J., delivered the opinion of the Court.

This domestic dispute comes to this Court on appeal from the Circuit Court for Prince George's County for the second time. On the first appeal, the wife, Bonnie J. Flanagan, appealed from an order of the chancellor (Mitchell, J.) overruling her exceptions to the report of the Master in Chancery and entering a decree granting Raymond J. Flanagan's suit for divorce *a vinculo matrimonii* on the ground of five years uninterrupted separation, denying alimony and making no provision for counsel fees for the wife's attorneys. *Flanagan v. Flanagan,* 14 Md. App. 648, 288 A. 2d 225 (1972). We vacated the decree and remanded the case for further proceedings, holding that the Master lacked jurisdiction to hear a *contested* divorce case by virtue of then Rule S80 b of the Rules of the Seventh Judicial Circuit.[1]

During the course of further proceedings before the chancellor (Bowie, J.) following remand, he refused to permit counsel for the appellant to question the appellee in an attempt to demonstrate that it was her fault which destroyed the marriage, and that the circumstances which led to the separation of the parties should be considered in determining any right to alimony. The chancellor then granted a divorce *a vinculo matrimonii* to the appellant on the basis of five years uninterrupted separation, but awarded alimony and attorneys' fees to the appellee.

1. Rule S80 was subsequently revised.

On this appeal by the husband, two questions are raised. These are:

(1) Where a divorce is granted on the basis of five years uninterrupted separation of the parties without cohabitation, may the court consider the alleged fault of the wife in determining her right to alimony and in fixing the amount thereof?

(2) Did the chancellor abuse his discretion as to the amount of counsel fees awarded the appellee?

For the reasons stated below, we hold that the chancellor erred in not permitting the appellant to pursue the question of alleged fault on the part of the wife for the purpose of having the court consider it in determining her right to alimony. We further find that the chancellor did not abuse his discretion in the amount of counsel fees awarded the appellee.

## I—FAULT WHICH DESTROYED THE MARRIAGE IS ONE OF THE FACTORS TO BE CONSIDERED IN DETERMINING ALIMONY

The precise question was presented to and squarely decided by the Court in *Renner v. Renner*, 16 Md. App. 143, 157, 294 A. 2d 671 (1972). In that case, Dr. Renner obtained a divorce *a vinculo matrimonii* on the ground that he and his wife had been separated for a period of five years. At the same time, the trial court awarded Mrs. Renner $200.00 a week in permanent alimony. Dr. Renner appealed, contending that the trial judge had erred in refusing to consider the fault which destroyed the marriage and the circumstances which led up to the separation in determining the right to and the amount of alimony awarded his wife.

The statute providing for a "no fault" divorce after

the parties have lived separate and apart for five years without cohabitation became effective July 1, 1969. Article 16, § 24 of the Maryland Code (Cum. Supp. 1971). The statute expressly provides that recrimination "shall not be a bar to either party obtaining a divorce on this seventh ground." However, as we noted in *Renner*, this fact does not "dispose of the question as to whether or not . . . recrimination shall be considered on the question of alimony." 16 Md. App. 158. In *Renner*, we called attention to the Maryland Court of Appeals ruling in *Foote v. Foote,* 190 Md. 171, 57 A. 2d 804 (1948), in which that Court held that the fault of the wife must be considered in fixing alimony where the ground for divorce was voluntary separation for eighteen consecutive months.[2] *See also Hughes v. Hughes,* 216 Md. 374, 378, 140 A. 2d 649 (1958), where the same point is quite clearly implied in the reasoning of the Court.

After reviewing the contentions of the parties in *Renner, supra* at 159-60, we said that:

> ". . . *it seems clear to us by analogy to the eighteen month voluntary separation statute, that fault of the wife should be considered in the determination of alimony in cases under the five year statute;* otherwise, a wife guilty of deserting her husband, could live with an impecunious paramour, and after five years become eligible to collect alimony from her husband. Surely the legislature in providing that the fault of either of the parties should not bar the other from acquiring a divorce after a separation for a period of five years did not intend that, in the example cited, the adulterous wife should be

---

2. Md. Code, Art. 16, § 24 recites the fifth ground for divorce in the following language: "when the husband and wife shall have voluntarily lived separate and apart, without any cohabitation, for eighteen consecutive months prior to the filing of the bill of complaint, and such separation is beyond any reasonable expectation of reconciliation."

permitted to collect alimony from her husband. This seems to be the general rule throughout the country. See 34 A.L.R.2d 313. Our view that fault should be considered is further supported by a Court of Appeals decision which held that a wife receiving alimony under an *a mensa* decree must lose that alimony because of her subsequent adultery. *Courson v. Courson, supra.*" (emphasis added)

The appellee wife in *Renner* argued, however, that in our opinion in *Flanagan v. Flanagan, supra,* we implied that the fault of the wife is not to be considered on the question of alimony. The appellee makes the same argument in the case at bar. However, as we said in *Renner,* "we think the wife reads too much into *Flanagan.*" We then went on in *Renner* to analyze our prior holding in *Flanagan,* pointing out that:

"In that case [Flanagan I] the chancellor denied the wife alimony on the basis that the husband was free of fault. We pointed out that under the five year statute the husband's lack of fault was not a factor in determining the wife's right to alimony or to a divorce. We were careful to point out, however, at page 656 as follows: '*Ergo,* a trial court is empowered to grant alimony to a wife *free of fault* in all cases where it is claimed, needed, and where a divorce is decreed.' (Emphasis added). We also referred to *Hughes v. Hughes, supra,* and *Foote v. Foote, supra,* which recited that the fault which destroyed the home should be considered in fixing alimony where divorce was granted under the voluntary separation statute. We hold that recrimination is an available defense to the issue of alimony in a suit for divorce based on the non-fault ground of separation for five years. Accordingly, in granting and fixing the

alimony in the instant case, the chancellor was in error for not giving consideration to the fault which destroyed the home." *Id.* at 160.

We reach the same result in this case. It is established that the question of 'fault which destroyed the home *is not material* to a determination to grant a decree of divorce on nonculpable grounds, either on the basis of the 18 months voluntary separation or the five years uninterrupted separation provisions of Art. 16, § 24. However, it is equally settled that the issue of fault *is material* in the determination of whether alimony is 'to be awarded, and the amount of such award, even where a divorce is obtained on nonculpable grounds. *Foote v. Foote, supra; Renner v. Renner, supra.* Accordingly, the chancellor should have permitted the appellant to examine the appellee on the question of her alleged fault as it might relate to the determination of her right to alimony and the amount thereof. Upon remand of the case, that issue will be open for the introduction of evidence by either party. We express no opinion on the merits of the issue; its determination is a matter for the chancellor in the first instance.

## II—THE AMOUNT OF COUNSEL FEES AWARDED WAS NOT EXCESSIVE

The trial court awarded fees to counsel for the appellee in the amount of $2,706.00, of which $206.00 represented telephone expenses, and travel expenses for her in the amount of $240.00. Appellant claims that these amounts are unreasonable, considering the burden placed upon the husband and the financial circumstances of the appellee.

Co-counsel for the appellee claimed to have expended 220 hours representing her in the proceedings in the trial court and on her initial successful appeal to this Court. The chancellor's award comes to approximately $11.40 an hour in counsel fees, exclusive of expenses.

The record shows that the appellant's gross income is in excess of $15,000 a year. On the other hand, the appellee is on welfare; has no employment; and apparently is physically unable to undertake employment at the present time. In *Quinn v. Quinn*, 11 Md. App. 638, 652, 276 A. 2d 425 (1971), this Court said:

> "Counsel fees should be awarded according to the ordinary factors of labor, skill, time, and benefit; and the amount of the fee cannot be wholly disassociated from the financial resources of the party charged. *Waters v. Waters, supra,* [191 Md. 436, 441]. As stated in *Lopez v. Lopez,* 260 Md. 509, 520, 521, in determining the amount of the counsel fee to be paid by the husband to the wife's solicitor 'the Court should take into consideration the financial circumstances of the parties, and determine the amount in accordance with the wife's necessities and the husband's financial ability and allow an amount that will afford the wife an efficient presentation of her side of the controversy.' "

It is clear from our review of the record that "the wife's income was insufficient to care for her needs." Article 16, § 5 (a) of the Maryland Code. Therefore, considering the comparative "financial circumstances of the parties," the chancellor adhered to applicable principles in the award of attorneys' fees and travel expenses which he made in this case. We will not disturb his award, since we cannot say that "he exercised his discretion arbitrarily or [that] his judgment was clearly wrong . . . ." *Danziger v. Danziger,* 208 Md. 469, 475, 118 A. 2d 653 (1955).

In this Court, the appellee moved for an award of counsel fees to her two attorneys for the services which they rendered on this second appeal. A total fee of $500.00 is allowed co-counsel for the appellee for legal services in representing the appellee on this second appeal. The

98

amount mentioned includes only that portion of the counsel fees which should be paid by the appellant.

*That part of the decree awarding appellant a divorce a vinculo matrimonii and awarding attorneys fees to the appellee affirmed; that part of the decree awarding alimony to the a p p e l l e e remanded, without reversal or affirmance, for further proceedings in a c c o r d a n c e with this opinion; costs, including $500 counsel fee to appellee's co-counsel for their representation on this appeal, to be paid by appellant.*