C. WILLIAM BRADLEY, Judge Pro Tem.
Janet Loker Robichaux engaged the services of M. E. Culligan, an attorney, to obtain for her a legal separation from Eugene G. Robichaux III, her husband. Cul-ligan prepared and filed the petition and attended to such incidental matters arising from the action as restraining orders, preliminary injunctions, alimony pendente lite, contempt rules, the appointment of a notary and two appraisers to inventory the community property, and the commencement of the inventory.
The wife abandoned the action, secured another attorney, and obtained a legal separation in a different suit. Culligan filed a rule to have the court fix his attorney fee and the fees of the notary and appraisers who had commenced the inventory. The district court fixed the fees and ordered them paid from the community of acquets existing between Janet Loker Robi-chaux and Eugene G. Robichaux III. From this judgment, Eugene G. Robichaux III has appealed. We affirm.
The contention of appellant that the fees fixed by the court was the separate debt of the wife and not of the community of acquets and gains is without merit:
The fees of the notary and the appraisers were court costs and were properly fixed by rule and cast against the community of acquets and gains existing, or formerly existing, between Mr. and Mrs. Robichaux: DeBlanc v. DeBlanc, La.App., 18 So.2d 619 (1944).
That the fee of the wife’s attorney is a debt of the community has long been established :
“Our settled law is that the fee of the wife’s attorney in a suit for divorce or separation is an obligation of the community, regardless of whether or not the suit has been successful, and her attorney may recover his fee on a quantum meruit basis.” Kirchberg v. Holloman, La.App., 248 So.2d 347 (1970) and cases cited therein.
Here the pleading was on quantum mer-uit, and we find no clear and convincing proof that it was the intention and purpose of the wife to become personally responsible for a community debt: Alpha v. Aucoin, La.App., 167 So. 835 (1936). Whether or not the attorney properly used summary proceedings in the separation suit to collect his fee—see Courtin v. Lenz, La.App., 42 So.2d 882— need not be considered since failure of appellant to object to the use of the summary proceeding waived this question: L.S.A.C.C.P. Art. 926.
Appellant’s complaint as to the evidence tendered in support of the reasonable value of the services rendered and the abuse of discretion by the district court in its awards affords no grounds for relief: In fixing attorney’s fees in quantum mer-uit where the legal services were rendered under the eye of the court, the trial judge is fully able to determine the value of the services without the necessity of hearing testimony by attorneys relative to that value: Cain v. Employers Casualty Co., 236 La. 1085, 110 So.2d 108; Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12; Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789; Hunt v. Hill, 138 La. 583, 70 So. 522; Watkins v. Abshire, La.App., 108 So.2d 666; Herman v. Jambois, *839 205 So.2d 63. We cannot say that the trial court abused its discretion in the amounts awarded as fees.
The judgment is affirmed.
Affirmed.