# DENNIS GENE FOSTER *v.* MARGUERITE FOSTER

[No. 1374, September Term, 1975.]

*Decided September 21, 1976.*

74

The cause was argued before GILBERT, C. J., and MOYLAN, DAVIDSON and LOWE, JJ.

*Lawrence J. Gebhardt,* with whom were *Gebhardt & Smith* on the brief, for appellant — cross-appellee.

*Melvin J. Sykes* for appellee — cross-appellant.

DAVIDSON, J., delivered the opinion of the Court.

The appellant—cross-appellee, Dennis G. Foster (husband), and the appellee—cross-appellant, Marguerite Z. Foster (wife), both appeal from portions of an amended decree entered in the Circuit Court for Baltimore County [1]

1. The decree was entered on 15 October 1975, and amended on 13 November 1975, at which time its operation and effect was suspended until 30 December 1975, pursuant to the court's revisory power over unenrolled decrees. Maryland Rule 671; Norris v. Ahles, 115 Md. 62, 65 (1911).

which, among other things, granted the wife an absolute divorce, custody of the minor child of the parties, alimony, child support, and counsel fees of $7,500. The husband also appeals from an order entered on 30 December 1975 which, among other things, denied his motion for counsel fees for the defense of a contempt proceeding instituted on 16 December 1975 by the wife, allegedly in bad faith and without substantial justification.

Here, neither of the parties challenges the divorce, custody, alimony or child support provisions of the decree and order. In his appeal, the husband's contentions are that the chancellor erred in awarding the wife an excessive amount for counsel fees and in denying the husband counsel fees for his defense in the contempt proceeding. In her cross-appeal, the wife's sole contention is that the amount of the counsel fees awarded to her was inadequate.

## I

The husband initially contends that the counsel fees awarded to the wife were excessive because they exceeded the amount she had agreed to pay. He maintains that a husband can be compelled to pay only such counsel fees as the wife is obligated to pay.

The husband asserts that here, there was a written agreement between the wife and her attorney, under which the wife was obligated to pay up to $5,000 for counsel fees. He claims that that agreement further provides for additional fees "to come from a contingency arrangement based upon whatever her counsel could convince the Court to award as an attorney's fee against Dr. Foster or as a percentage of any property settlement." The husband argues that because contingency fee agreements are against public policy, these provisions are unenforceable. He concludes that the wife's total obligation under the fee agreement was limited to $5,000, and that consequently the husband could not be required to pay counsel fees of more than $5,000.

The husband's contention is without merit. A husband's obligation to pay counsel fees, in a case in which alimony or

child support is claimed, is imposed by law.[2] The question of what constitutes a reasonable counsel fee lies within the chancellor's discretion.[3] In our view, a valid agreement between a wife and her attorney providing for a specified fee does not limit the chancellor's discretion in determining a reasonable fee, or require him to award no more than the agreed amount.[4] Other state courts agree.[5] Assuming without deciding that the wife's obligation here was limited to $5,000, the chancellor did not err in awarding counsel fees greater than that amount.[6]

---

2. Maryland Code (1957, 1973 Repl. Vol.) Art. 16, §§ 5 and 5A; Jackson v. Jackson, 272 Md. 107, 111-12, 321 A. 2d 162, 165 (1974); Rhoderick v. Rhoderick, 257 Md. 354, 359-62, 263 A. 2d 512, 516 (1970); Stein v. Stein, 251 Md. 300, 302-03, 247 A. 2d 266, 268 (1968); Binder v. Binder, 16 Md. App. 404, 415, 297 A. 2d 293, 298 (1972); Bracone v. Bracone, 16 Md. App. 288, 293-94, 295 A. 2d 798, 801 (1972).

3. Danziger v. Danziger, 208 Md. 469, 475-76, 118 A. 2d 653, 656 (1955); Lopez v. Lopez, 206 Md. 509, 520-21, 112 A. 2d 466, 471 (1955); Bennett v. Bennett, 197 Md. 408, 416, 79 A. 2d 513, 517 (1951); Mulhall v. Mulhall, 120 Md. 22, 26, 87 A. 490, 492 (1913); Flanagan v. Flanagan, 17 Md. App. 90, 97, 299 A. 2d 520, 522-23, aff'd, 270 Md. 335, 331 A. 2d 407 (1973).

4. The cases relied upon by the husband are inapposite. In Rubin v. Rubin, 233 Md. 118, 129, 195 A. 2d 696, 702 (1963), the Court of Appeals ruled that the charges of a private investigator could be allowed as "suit money." An additional issue considered was whether the fact that the wife had paid part of the charges precluded a determination that her income was insufficient to pay for that particular need. There the question of the reasonableness of the charges was not raised. The court held that the husband was not required to reimburse his wife for that part of the charges for which she had paid. It did not hold that an agreement between a wife and her counsel necessarily determines the question of what constitutes a reasonable fee.

Mortgage Investors of Washington v. Citizens Bank & Trust Co. of Maryland, 29 Md. App. 591, 349 A. 2d 647 (1976) involved a suit between a lender and a borrower, parties to a promissory note which specified the amount to be paid for attorney's fees in the event of suit upon default. The actual attorney's fee that the lender was obligated to pay was less than the specified amount. This Court held that the lender could recover up to the specified amount, but not more than it was obligated to pay.

The instant case involves a suit between a husband and wife rather than a lender and a borrower. Moreover, the husband, unlike the borrower, was not a party to any agreement to pay counsel fees. This case does not involve a contractual obligation, but rather one imposed by law. Here the wife cannot be enriched by the court's award, because the award itself determines the amount of a reasonable fee.

5. Corey v. Corey, 81 Ind. 469, 473 (1881); Stevens v. Stevens, 206 So. 2d 558, 559 (La. App. 1968); Gallagher v. Gallagher, 190 So. 2d 916, 919 (La. App. 1966); Cutchall v. Cutchall, 221 P. 457, 458 (Okl. 1923); Brook v. Morriss, Morriss & Boatwright, 212 S.W.2d 257, 260 (Tx. Cv. App. 1948).

6. In view of this conclusion, the husband's subsidiary contention, that those portions of the agreement between the wife and her attorney which provided for contingent fees were invalid, need not be considered.

## II

The husband further contends that the counsel fees were excessive because there was no evidence to show the time counsel spent conducting the case. This contention is without merit.

In determining the amount for a reasonable counsel fee, the ordinary factors of labor, skill, time and benefit, as well as the financial resources of the parties, must be taken into account.[7] While time is one of the applicable factors, the record need not contain evidence specifically delineating the number of hours spent by counsel. Because the record itself discloses the nature of the proceedings, it is some evidence of the extent of the attorney's efforts. Given this evidence, the chancellor may rely upon his own knowledge and experience in appraising the value of an attorney's services.[8]

Here the record shows that the chancellor took all of the appropriate factors, including time, into account. He examined the record, considered the nature of the

7. Stein, *supra,* 251 Md. at 303, 247 A. 2d at 268; Waters v. Waters, 191 Md. 436, 441, 62 A. 2d 250, 253 (1948); Flanagan, *supra,* 17 Md. App. at 97, 299 A. 2d at 523; Quinn v. Quinn, 11 Md. App. 638, 652, 276 A. 2d 425, 432 (1971).

8. Renner v. Renner, 16 Md. App. 143, 157, 294 A. 2d 671, 678 (1972); *see,* Harrison v. Perea, 168 U. S. 311, 325, 18 S. Ct. 129, 134-35 (1897); Van Dyke v. Bluefield Gas Co., 210 F. 2d 620, 622 (4th Cir.), *cert. denied,* 347 U. S. 1014, 74 S. Ct. 870 (1954); Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 194 F. 2d 846, 859 (8th Cir.), *cert. denied,* 343 U. S. 942, 72 S. Ct. 1035 (1952); Stanolind Oil & Gas Co. v. Guertzgen, 100 F. 2d 299, 302 (9th Cir. 1938); Cooley v. Cooley, 45 Ala. 461, 231 So. 2d 915, 917 (1970); Hodson v. Hodson, 276 Ala. 227, 160 So. 2d 637, 640-41 (1964); Scott, Blake & Wynne v. Summit Ridge Estates, Inc., 251 Cal.App.2d 347, 59 Cal. Rptr. 587, 594 (1967); Spencer v. Harmon Enterprises, Inc., 234 Cal.App.2d 614, 44 Cal. Rptr. 683, 688 (1965); Dew v. Simon, 95 A. 2d 482, 484 (D.C. Mun. App. 1953); Tyler v. Dixson, 57 A. 2d 648, 649-50 (D.C. Mun. App. 1948); First National Bank of Kansas City v. Danforth, 523 S.W.2d 808, 825 (Mo. 1975); Robichaux v. Robichaux, 289 So. 2d 837, 838 (La. App. 1974); Sebree v. Rosen, 393 S.W.2d 590, 599 (Mo. 1965); Jordan v. Freeman, 40 N.Y. App.Div.2d 656, 336 N.Y.S.2d 671, 672 (1972); Testerman v. Burt, 143 Okl. 220, 289 P. 315, 329 (1930); Fisher v. Fred W. German Co., 150 Or. 507, 44 P. 2d 1076, 1078 (1935); Hatley v. Hatcher, 376 S.W.2d 943, 944 (Tx. Cv.App. 1964); Swenson v. Lowe, 5 Wash. App. 186, 486 P. 2d 1120, 1125 (1971); *contra,* Deckman v. Deckman, 15 Md. App. 553, 569, 292 A. 2d 112, 120-21 (1972); *see,* Grunin v. International House of Pancakes, 513 F. 2d 114, 126 (8th Cir.), *cert. denied,* 96 S. Ct. 124 (1975); Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F. 2d 161, 166-69 (3rd Cir. 1973); Ortiz v. Ortiz, 211 So. 2d 243, 245 (Fla. 1968); In re Max Lieber, 103 So. 2d 192, 198 (Fla. 1958).

proceedings, and observed counsel's conduct at the hearings before him. There was more than sufficient evidence to support his findings. We find no abuse of discretion.[9]

### III

The husband further contends that counsel fees should not have been awarded because the evidence established that the wife's income and assets were sufficient to care for her needs. He maintains first that the real property held by the wife should have been considered as a financial resource in determining her ability to pay counsel fees.

Maryland Code (1957, 1973 Repl. Vol.) Art. 16, § 5 provides that in cases such as this counsel fees shall be awarded only if the wife's *income* is insufficient to care for her needs.[10] Courts in other states have recognized that it is the income from the wife's separate estate that is to be considered in determining her ability to pay counsel fees. A wife need not be required to impair or encumber her capital, including real estate, to finance her participation in divorce litigation.[11] Where the wife's assets, including real estate, do not produce adequate income, she may be entitled to counsel fees.

Here the record shows that as a result of the divorce litigation, the wife held, as a tenant in common with the husband, interests in real property valued between approximately $205,000 and $222,500. While some of the property had income-producing potential, none was producing income to the wife at the time, or was likely to do

---

9. In view of these findings, the wife's contention that the counsel fees were inadequate is also without merit.

10. *See* Hood v. Hood, 138 Md. 355, 360, 113 A. 895, 897 (1921).

11. Weinberg v. Weinberg, 67 Cal. 2d 557, 63 Cal. Rptr. 13, 21 (1967); Baldwin v. Baldwin, 28 Cal. 2d 505, 170 P. 2d 670, 677 (1946); Janssen v. Janssen, 48 Cal.App.3d 425, 121 Cal. Rptr. 701, 703 (1975); In re Marriage of Borson, 37 Cal.App.3d 632, 112 Cal. Rptr. 432, 437 (1974); Sigesmund v. Sigesmund, 115 Cal.App.2d 628, 252 P. 2d 713, 715 (1953); Richards v. Richards, 44 Hawaii 491, 355 P. 2d 188, 193 (1960); Polokoff v. Polokoff, 34 N.Y. Misc.2d 414, 226 N.Y.S.2d 597, 600 (1962); Keith v. Keith, 53 N.Y.S.2d 632 (N.Y. 1945); State ex rel. Cooper v. Garvin, 139 W. Va. 845, 82 S.E.2d 612, 615 (1954); Kittle v. Kittle, 86 W. Va. 46, 102 S. E. 799, 802-03 (1920); *contra*, Fulling v. Fulling, 50 Del. 451, 134 A. 2d 263, 265 (1957); Craft v. Craft, 226 N.W.2d 6, 9 (Iowa, 1975); Sullivan v. Sullivan, 192 Neb. 841, 224 N.W.2d 542, 543 (1975).

so in the foreseeable future. Under these circumstances, the chancellor did not abuse his discretion by failing to take into account the wife's interests in real property in determining her ability to pay counsel fees.

The husband maintains next that the amount of alimony awarded should have been considered in determining the wife's ability to pay counsel fees. The question of whether the wife's income is sufficient to care for her needs ordinarily should be considered separately in relation to her ordinary living expenses, and in relation to her extraordinary expenses for divorce litigation.[12] The chancellor did not abuse his discretion in failing to take into account the amount of alimony awarded in determining the wife's ability to pay counsel fees.

Finally the husband maintains that the wife's ability to work should have been considered. The record shows that the wife had not been employed since 1958. Her youngest son, born in 1964, aged 11 at the time of the hearings, has serious physical disabilities, and requires after-school supervision from her. The evidence supports the chancellor's finding that the wife was justified in remaining home rather than seeking employment. Under these circumstances, the chancellor did not abuse his discretion in failing to take into account the wife's alleged ability to work, in determining her ability to pay counsel fees. There was adequate evidence to support the chancellor's finding that the wife's income was insufficient to care for her needs. His conclusion that she was entitled to counsel fees was justified.[13]

## IV

The husband finally contends that the chancellor erred in

---

12. Von Bretzel v. Von Bretzel, 10 Md. App. 512, 515, 276 A. 2d 121, 122 (1970); see, Hood, supra, 138 Md. at 360, 113 A. at 897 (dictum).

13. The husband further contends that the award of counsel fees to the wife violated his rights under "the Equal Rights Amendment of the Maryland Constitution and the Equal Protection Clause of the United States Constitution under the particular and limited facts of this case." He concedes that neither constitutional provision prohibits an award of counsel fees where there is a showing of need. In view of our holding that the record supports the chancellor's finding of need, this contention need not be further considered.

denying his petition for counsel fees incurred in the defense of a contempt proceeding. He maintains that the wife brought the contempt proceeding in bad faith and without substantial justification, because she filed her petition for contempt with a judge, contrary to Third Judicial Circuit Rule S 4 b, which he alleges requires filing with the clerk of the court.[14] He argues that, had the proper procedure been followed, the show cause order would not have been issued, because the Probation Department would have verified that payment of the arrearages had been made. He concludes that under Maryland Rule 604 (b) he is entitled to costs and reasonable expenses incurred in opposing those proceedings.[15]

· Maryland Rule 604 (b) provides:

"b. Bad Faith — Unjustified Proceeding — Delay.

"In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees."

The question of reimbursement for litigation costs and

14. Third Judicial Circuit Rule S 4 b provides:

"VERIFICATION OF PETITION FOR CITATION FOR CONTEMPT.

"Upon receipt of a petition for citation for contempt for failure to make support payments as ordered by the Court, the Clerk shall submit such petition to the Probation Department for verification on the petition of the amount alleged to be due and unpaid. Upon such verification, and in cases where payments have not been made through the Probation Department, the Clerk shall issue a Show Cause Order as of course. Where the petition is filed by the Probation Department no further verification shall be required."

15. At a hearing on 24 December 1975, the husband chose not to pursue his additional contention that he was entitled to counsel fees under Rule 604 (b) because the wife's affidavit in support of her contempt petition was "false and fraudulent." This contention, not having been decided below, is not properly before us for review. Maryland Rule 1085.

expenses under this Rule is a matter which lies within the discretion of the court.[16]

Here the record shows that on 16 December 1975, the wife filed her petition for contempt, alleging that from 7 November 1975 the husband had not paid alimony or child support. On that date, the chancellor issued an order to show cause.

At a hearing held on 24 December 1975, on the husband's "Petition for Rehearing and to Revise Decree," and "Motion for Attorney's Fees," as well as the wife's "Petition for Contempt," the parties did not disagree that the arrearages were paid to the Probation Department before 16 December 1975, but that the wife did not receive payment until after that date. Moreover, at that hearing the wife withdrew her claim of contempt, and her petition was later denied. Under these circumstances, even assuming without deciding that Rule S 4 b was violated, we find no abuse of discretion.

> *Decree as amended on 13 November 1975 and order of 29 December 1975 affirmed.*
> *Costs to be paid by appellant.*

---

16. Schmidt v. Chambers, 265 Md. 9, 40, 288 A. 2d 356, 373 (1972); *see* Sinclair Estates, Inc. v. Charles R. Guthrie Co., Inc., 223 Md. 572, 575, 165 A. 2d 775, 777 (1960); Hamilton v. Schwehr, 34 Md. 107, 117 (1871); Mears v. Moulton, 30 Md. 142, 144, 146 (1869); Hoffman v. Glock, 20 Md. App. 284, 293, 315 A. 2d 551, 557 (1974).