508 A.2d 996

**A. Raymond RANDOLPH, Jr.**

**v.**

**Mary Theresa Ann RANDOLPH.**

**No. 1163, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 15, 1986.

578

A. Raymond Randolph, Jr. (Randolph & Truitt, on brief), Washington, D.C., for appellant.

Max Sampson, Bethesda, for appellee.

Argued before BISHOP, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

A. Raymond Randolph Jr. appeals from a post-divorce judgment of the Circuit Court for Montgomery County which, *inter alia*, granted his former wife, Mary Theresa A. Randolph, a monetary award of $25,000 and attorney's fees in the amount of $30,000. We will vacate the judgment and remand for further proceedings.

## *Facts*

The parties were married on June 20, 1966. They separated on July 20, 1982, at which time Mr. Randolph moved from the marital abode in Chevy Chase, Maryland, to McLean, Virginia. In December of that year, Mrs. Randolph filed a complaint for divorce *a vinculo matrimonii* in Montgomery County. In addition to a divorce, Mrs. Randolph sought custody of the parties' minor children, alimony, support, counsel fees, and a use and possession order for the family home and family use personal property. Her complaint also asked the court to determine the ownership of real property, identify and value the parties' marital property, and make a monetary award. Mr. Randolph filed a counter-complaint.

On October 7, 1983, while this action was pending, appellant obtained a no-fault divorce in Virginia, where he was then domiciled. The Virginia judgment terminated the marriage but did not resolve any of the other issues between the parties. The trial on those remaining issues, in the Circuit Court for Montgomery County, concluded on April 30, 1985, at which time the court announced its tentative decision. Both parties then submitted post-trial memoranda at the court's request. The court orally announced its final conclusions on May 31, 1985, and on July 12, 1985, entered a final judgment from which both parties appealed. Mrs. Randolph subsequently withdrew her appeal. The judgment resolved several matters in dispute, but in this appeal Mr. Randolph asserts error only with respect to two of them: the granting of the monetary award and the award of attorney's fees.

## Issues

Specifically, appellant raises four issues:

1. Whether the Court properly issued a monetary award under Section 8–205 of the Family Law Article without identifying marital property, as Section 8–203(a) required, and without valuing marital property, as Section 8–204 required.

2. Whether the Court could properly enter a monetary award under Section 8–205 when the party seeking the award failed to introduce evidence regarding the value of marital property and when the evidence presented in opposition showed that upon the distribution of marital property according to title, the party seeking the award would receive more than twice as much as the party against whom the award was sought.

3. Whether the Court should have refused to render a monetary award in light of the failure of the party seeking the award to request a 90-day reservation under Section 8–203(a) of the Family Law Article.

4. Whether the Court could properly enter an award of $30,000 for attorneys' fees in favor of Mrs. Randolph when the Court did not properly evaluate financial considerations, when Mrs. Randolph herself took the position that the fees of her three former attorneys were not reasonable and necessary, and when not all of the fees of her present counsel, which totalled less than $30,000, were reasonable and necessary in connection with proceedings that were substantially justified.

## Motions

Before addressing any of the above issues, we must dispose of several motions filed by the parties in this court.

Appellee filed a motion to dismiss the appeal, coupled with a petition for attorneys' fees. Appellant responded by filing a motion to strike and, subsequently, an answer. We will deny the petition and the motions.

■ Appellee raises two arguments in support of her petition for attorneys' fees. First, she avers that Md. Fam.Law Code Ann. §§ 11–110 and 12–103 (1984) contemplate an award of attorney's fees where, as here, an appeal is taken from a decision resolving alimony and child custody issues. Although we agree with that contention, we believe it is not appropriate for this court to make the initial determinations as to whether such an award is warranted and, if so, in what amount. The original factfinder, the circuit court, is in a much better position than this court to evaluate the propriety of an award based on those statutes because there are various factors to be considered, including the financial status, resources, and needs of each of the parties, §§ 11–110(c)(1) and 12–103(b), with which the trial court is familiar. Any application for an award of additional attorney's fees based on those sections, therefore, should be made in the circuit court; accordingly, we will not address the petition for attorneys' fees under §§ 11–110 and 12–103.

Second, appellee claims that the appeal is frivolous and that she is therefore entitled to attorneys' fees pursuant to Maryland Rule 1–341. We reject this argument because we do not find the appeal to be frivolous. In fact, we have found sufficient merit in appellant's arguments to vacate the judgment. We therefore deny appellee's petition for attorneys' fees made pursuant to Maryland Rule 1–341.

Appellee raises two arguments in support of her motion to dismiss the appeal. First, she claims that appellant's record extract failed to comply with the requirements of Maryland Rule 1028. The record indicates, however, that appellant substantially complied with the requirements of the rule. We certainly find no dismissable noncompliance with Rule 1028.

Second, appellee claims that appellant has attempted to mislead the court. In support of this argument, she makes numerous allegations which are supported neither by reason nor the record. Appellee's assertions are totally lacking in merit, and we decline to respond to them in detail. Instead, we will simply deny her motion to dismiss and direct her attention to appellant's answer, which succinctly responds to each allegation.

## The Monetary Award

After Mr. Randolph obtained a judgment of divorce *a vinculo matrimonii* in Virginia, the Circuit Court for Montgomery County, pursuant to Md.Fam.Law Code Ann. § 8–212, undertook to grant a monetary award in accordance with the provisions of Title 8 of Subtitle 2 of the Family Law Article, entitled Property Disposition in Annulment and Divorce.

Appellant's first attack upon the monetary award is that the court was without jurisdiction to grant one because it had not expressly reserved the power to do so within ninety days of the Virginia divorce decree.

To support his argument, appellant relies on § 8–203(a) which states:

(a) *Time of court action.*—In a proceeding for an annulment or an absolute divorce, if there is a dispute as to whether certain property is marital property, the court shall determine which property is marital property:

 (1) when the court grants an annulment or an absolute divorce;

 (2) within 90 days after the court grants an annulment or divorce, if the court expressly reserves in the annulment or divorce decree the power to make the determination; or

 (3) after the 90-day period if:

 (i) the court expressly reserves in the annulment or divorce decree the power to make the determination;

 (ii) during the 90-day period, the court extends the time for making the determination; and

 (iii) the parties consent to the extension.

 It is pellucid that § 8–203 places certain restrictions on the ability of the court to make dispositions regarding marital property in a Maryland divorce action. The question presented by appellant is whether the time restrictions of § 8–203(a) apply to a proceeding under § 8–212, after a foreign divorce decree is obtained by one of the parties. We hold that they do not.

Initially we note that § 8–203(a) does not expressly apply to situations involving foreign divorces. It applies to proceedings in this state for an annulment or an absolute divorce. Once a foreign decree of divorce has been rendered, any further proceedings in the Maryland courts to determine the parties' property and custody rights are not proceedings for annulment or divorce; consequently, § 8–203(a) is not applicable to them.

Furthermore, § 8–203(a) requires the court to make its determinations respecting marital property either when the court grants an annulment or an absolute divorce or within ninety days after the court grants an annulment or divorce, if it expressly reserved the right to do so in the annulment

or divorce decree. Obviously, neither condition is possible if a foreign state has dissolved or terminated the marriage.

We hold, therefore, that § 8–203(a) has no applicability to a proceeding for relief under § 8–212 after one of the parties has obtained a divorce in a foreign state.

Having determined that the trial court had jurisdiction to render a monetary award, we now turn to the question of whether the award was appropriate in this instance.

■ Appellant alleges that the court erred in granting a monetary award without first identifying and valuing the marital property. Appellee, on the other hand, asserts that the court sufficiently identified and valued the marital property and that a monetary award was therefore appropriate. We agree with appellant.

The statutory language is perfectly clear on this point. Md.Fam.Law Code Ann. § 8–203 specifically provides that if there is a dispute as to whether certain property is marital property, the court *shall* determine which property is marital property; § 8–204 unequivocably requires the court to determine the value of all marital property. Those determinations are prerequisites to the granting of a monetary award. Section 8–205, conferring authority to make a monetary award and setting forth the criteria for doing so, states, in pertinent part:

(a) *Grant of award.*—After the court determines which property is marital property, and the value of the marital property, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded. The court shall determine the amount and the method of payment of a monetary award after considering each of the following factors:

(1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

(9) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

Although conceding that §§ 8–203, 8–204 and 8–205 clearly require a court to determine both the identity and value of marital property prior to making a monetary award, appellee relies on *Bangs v. Bangs,* 59 Md.App. 350, 475 A.2d 1214 (1984), for the proposition that a chancellor is not required to articulate every step in his thought processes. We agree with that premise but find it inapplicable to this case. *Bangs* holds that where a chancellor is required to *consider* certain factors in making a determination he is not required to enunciate every factor he considered on the record. Rather, it would be sufficient for the chancellor merely to state on the record that he considered the required factors in making his decision. Section 8–205(a) requires the court to *consider* certain factors in making a monetary award. Sections 8–203, 8–204, and 8–205(a) require the court to *determine* which property is marital property (if that is a matter in dispute) and to *determine,* not consider, the value of all marital property. To *consider* is to engage in a mental process which, as we held in *Bangs,* need not be articulated; to *determine* is to terminate an issue by deciding it. Where the statute requires the court to determine an issue, that determination must appear in the record.

In this case, we note that the parties never disputed the identity of marital property. Mr. Randolph submitted a list of properties designated as marital properties, which indicated how each item was titled. That list was never challenged, and the court apparently accepted appellant's identification of the marital properties as undisputed. The court did not err, therefore, in failing to identify the marital property on the record. There was, however, conflicting evidence as to the value of marital property, and there was definitely a dispute as to whether a certain debt was a marital debt.

Mr. Randolph had acquired, during the marriage, as a tax shelter investment, an interest in a partnership known as "Ellev Diversified Drilling Program." At the time of the divorce, his interest had a value of $4300, but he still owed a debt of $110,000 he had incurred in acquiring his interest in Ellev. In order to protect his other assets, Mr. Randolph eventually refinanced that debt with Palmer National Bank, making the Ellev debt a lien against his undivided one-half interest in the former marital home. Similarly, he had an outstanding debt of $9500 incurred in acquiring a marital property interest, now worth $2000, in Barclay Energy Corporation and an outstanding debt of $19,000 incurred in acquiring a marital property interest, now worth $5000, in an investment designated "Mercer 1982 Drilling Program." It was Mr. Randolph's contention that the debt to Palmer National Bank (the Ellev debt), at least, should be considered a marital debt, which would offset part of the value of the marital home (worth $218,000) along with the $52,000 mortgage thereon. The court's determination that the $110,000 was Mr. Randolph's sole obligation (which would be true in any event) did not exactly address appellant's contention.

 Appellant is wrong, of course. A marital debt is one directly traceable to the acquisition of marital property and is to be subtracted from the market value of that property in determining its marital property value.

*Schweizer v. Schweizer,* 301 Md. 626, 636, 484 A.2d 267 (1984). But if the marital asset is worth less than the amount of the debt incurred in acquiring it, the value of that item is simply reduced to zero; the balance of the debt is not transferable to reduce the net value of any other item of marital property. *Green v. Green,* 64 Md.App. 122, 123, 141–2, 494 A.2d 721 (1985). The Ellev debt is significant only to the extent that it affects appellant's economic circumstances. It is, therefore, a factor to be considered in granting a monetary award but not in determining the value of any marital property other than the Ellev Diversified Drilling Program.

We have discussed the matter of marital debts because we deem it significant in concluding that the court failed to determine the value of the marital property. There is no determination of value expressed in the record, and we must reject the suggestion that it is apparent from the record that the court implicitly accepted or adopted Mr. Randolph's evaluations along with his designations of marital property. It would have been error to do so because Mr. Randolph's evaluations of certain items were based on the aforementioned misconception as to treatment of marital debts.

■ We will vacate the monetary award and remand the case to the circuit court to determine the value of each of the marital properties and thereafter grant such monetary award as it then deems appropriate. In doing so, we reject appellant's contentions that no monetary award should have been granted because (1) appellee produced no evidence as to identity and value of marital property and (2) taking into account appellant's debts, the monetary award produces a grossly inequitable result. As to the first point, it is sufficient to note that Mr. Randolph produced sufficient evidence as to identity and value of property to sustain a monetary award; the fact that he, rather than appellee, supplied the requisite information is irrelevant. As to the second point, the mere fact that Mrs. Randolph would have

an unencumbered one-half of jointly titled property plus the monetary award as against Mr. Randolph's heavily encumbered share of jointly owned property minus the monetary award would not necessarily indicate an error or abuse of discretion by the chancellor. The statute is designed to achieve equity between the parties; it does not require an equal division of marital property. *Deering v. Deering*, 292 Md. 115, 131, 437 A.2d 883 (1981). It is significant, in this respect, to note that the chancellor expressly took into consideration the fact that Mr. Randolph owns certain non-marital property while Mrs. Randolph owns none.

### Attorney's Fees

Appellant complains that there was no proper foundation or basis for the award of $30,000 counsel fees.

Mrs. Randolph had been represented by a number of lawyers during the course of this litigation. They had submitted substantial bills (totalling more than $34,110.20) for legal services allegedly rendered appellee. Appellee's trial counsel proffered a bill for his services, in the amount of $14,557.50. Appellant's counsel objected strenuously to the introduction of these bills in evidence because they were lacking in detail and there was no evidence to indicate the nature of the legal work for which the bills were rendered, the necessity of those services, the connection of those services to the case at bar, or the reasonableness of the charges. An opportunity to question appellee's trial counsel about his bill was declined. The court admitted the bills into evidence merely to show "prima facie that there [is] a bill outstanding in that amount" but expressed some doubt that such huge legal fees were reasonable or proper. Mrs. Randolph herself indicated that she disputed the propriety and reasonableness of some of the charges.

After the trial, appellee's counsel furnished the chancellor with more detailed statements of account obtained from his client's previous attorneys, as well as a more up-to-date (and larger) bill of his own. Appellant had no opportunity to challenge or rebut this additional material which, of

course, was never admitted into evidence. Despite the limited purpose for which the original bills had been admitted and its own comments about the propriety and reasonableness of those bills, the court ordered appellant to pay appellee $30,000 in attorneys' fees, declining to apportion this amount among the various attorneys who had represented her.

■ We are troubled by the absence of evidence to support the reasonableness of the award of attorneys' fees, particularly in view of the court's own comments. Of course, a trial judge may make an award of counsel fees without such evidence on the basis of his own knowledge, gleaned from the record and his observations at trial, of the attorney's services and their value. *Foster v. Foster*, 33 Md.App. 73, 364 A.2d 65 (1976). If he does so, however, particularly in a case in which bills for legal services are challenged, he ought to state the basis for his decision so it can be reviewed, if necessary, on appeal.

We need not determine at this time whether the award of counsel fees was clearly erroneous or an abuse of discretion, however, because we must vacate that award in any event.

■ Md.Fam.Law Code Ann. § 12–103(b) (1984) sets forth the factors the court must consider with respect to an award of attorney's fees. It states:

(b) *Required considerations.*—Before a court may award costs and counsel fees under this section, the court shall consider:

(1) the financial status of each party;

(2) the needs of each party; and

(3) whether there was substantial justification for bringing or defending the proceeding.

As in the case of *Holston v. Holston*, 58 Md.App. 308, 327, 473 A.2d 459 (1984), the circuit court's disposition following our remand for reconsideration of the monetary award may affect the financial statuses of the parties. We therefore vacate the award of attorneys' fees and remand for recon-

sideration of that award in light of any change in the financial statuses of the parties resulting from the reconsideration of the monetary award. After that reconsideration, the court may make such award as it deems proper. We suggest that it state the basis for that award.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.