910 A.2d 503

George Kenneth RIDGEWAY, Jr.

v.

Nancy G. RIDGEWAY.

Nos. 757, 2504, Sept. Term, 2005.

Court of Special Appeals of Maryland.

Oct. 30, 2006.

374

C. William Michaels, Baltimore, for appellant.

Andrea Baddour, Prince Frederick, for appellee.

Panel MURPHY, C.J. BARBERA, and ROBERT L. KARWACKI, (Retired, specially assigned), JJ.

BARBERA, J.

This case presents the question, among others, of whether the trial court, after an appeal has been noted, can award the prevailing spouse advanced attorney's fees to defend the appeal from the court's refusal to terminate alimony. We shall hold that the trial court can make such a fee award and that the court properly exercised its discretion to do so in this case.

George Kenneth Ridgeway, appellant, appeals from an order of the Circuit Court for Calvert County reducing, but not terminating, the indefinite alimony he pays to his former wife, Nancy G. Ridgeway, appellee. Nine months after the parties were divorced and appellant was ordered to pay alimony to appellee, and in anticipation of his upcoming retirement, appellant filed a petition for modification or termination of alimony ("petition for modification"). Fifteen months after the divorce, appellant voluntarily retired from employment, and the parties began receiving retirement benefits.

The circuit court subsequently granted the petition for modification and reduced, but did not terminate, appellant's monthly alimony obligation. The court also awarded attorney's fees to appellee. Appellant appealed, and appellee sought attorney's fees to defend the case on appeal. The circuit court granted appellee's petition for advanced appellate

attorney's fees, and appellant appealed from that order as well. We consolidated the two appeals.

Appellant presents three questions for our review, which we have reworded slightly:

1. Given the change in the parties' respective economic circumstances, did the court err or abuse its discretion in refusing to terminate alimony, considering in particular that appellee's total income is greater than appellant's total income?

2. Did the court err or abuse its discretion in awarding appellee attorney's fees as part of its ruling on appellant's petition to modify or terminate alimony?

3. Did the court have jurisdiction to consider appellee's post-appeal motion for advanced attorney's fees relating to the instant appeal, and if so, did the court err or abuse its discretion in awarding appellant $3,700.00 in advanced appellate attorney's fees?

We affirm the judgments of the circuit court.

## FACTS AND PROCEEDINGS

The parties divorced on June 18, 2003. In the judgment of absolute divorce, the court ordered, *inter alia*, that appellant pay indefinite alimony to appellee in the amount of $1,750.00 per month, and that appellee is entitled to a "pro-rata share" of appellant's retirement benefits. The court cautioned appellant in its oral ruling at the divorce hearing that alimony would not necessarily be adjusted upon his retirement. The court stated:

[Appellant] has talked about retirement. That will be a decision he will have to make. The only thing I would caution him is that there is not necessarily an assurance that any award would be adjusted based on retirement. Obviously that retirement would create income for [appellee], but that doesn't necessarily mean there would be a dollar for dollar adjustment. I'm not saying there wouldn't be. I am just saying you can't assume that there would be.

On March 12, 2004, appellant filed the petition for modification in anticipation of his upcoming retirement. Appellant stated in the petition that he expected both parties to begin receiving retirement benefits upon his retirement. He asked the court to terminate his obligation to pay alimony once appellee began receiving her pro-rata share of the retirement benefits. He also requested an award of attorney's fees.

Appellee filed a motion to dismiss the petition for modification, arguing that appellant's request was "patently premature" because appellant was not yet retired when he filed the petition. The court denied the motion and set the matter in for a hearing.

Meanwhile, in September 2004, appellant retired from his job as a facilities manager at the Washington Navy Yard. Appellant was 55 years old. At the time of his retirement, he earned an annual salary of $84,127.00.

On January 28, 2005, appellee filed a petition for contempt and show cause order ("petition for contempt"), requesting the court to find appellant in contempt because he had failed to make alimony payments for December 2004 and January 2005. Appellee sought attorney's fees incurred in the filing of the petition for contempt.

On March 11, 2005, the court held a hearing on appellant's petition for modification and appellee's petition for contempt. Appellant testified that the parties decided during the marriage that he would retire at age 55 because the males in his family die at approximately age 70. He currently receives a net retirement payment of $1,662.00 per month, and in 2004, he received approximately $100.00 per month in interest income as well. Appellant acknowledged that he has not made an alimony payment to appellee since November 2004, explaining that she began to receive retirement benefits in December 2004.

Appellant testified further that, upon his retirement in September 2004, he received a payment of $23,634.33 from his employer. That payment represented a $25,000.00 incentive for retiring plus compensation for accumulated annual leave,

minus taxes. Appellant did not notify appellee of the payment or share any portion of it with her.

Appellant received approximately $110,000.00 in proceeds from the sale of the parties' marital home. At the time of the hearing, he had approximately $90,000.00 in his bank accounts.

Appellant testified that he presently resides with his fiancee in her home in Willards, Maryland. He pays her $200.00 each month toward the mortgage and half the costs of operating the home. He also has a monthly car payment of approximately $662.00 per month. From March through October, he works about three days per week at a golf course near his current residence. He earns a low wage, but he is able to golf at the course for free. Appellant stated that he has a number of medical problems, including asthma, high blood pressure, and carpal tunnel syndrome in both hands.

Appellee, in turn, testified that she works in the Calvert County school system as an assistant manager of a cafeteria in an elementary school. She earns approximately $17,084.00 a year. She purchased a new home in Prince Frederick, Maryland, in September 2003, shortly after selling the house that she lived in with appellant. Appellee's monthly mortgage payment is $1,285.00 and her monthly car payment is $403.00. She has approximately $30,000.00 in a savings account. She can retire from her current position in 2008 and earn a monthly retirement allowance of $163.00. If she remains employed until 2014, however, she will receive $393.00 per month.

Appellee testified further that, in December 2004, she received about $3,200.00 from appellant's retirement fund. Since then, she has received a monthly retirement benefit of approximately $1,239.00. The cost of a former spouse survivor annuity, $238.00, is subtracted from her portion of the retirement benefit. Appellee stated that she has a number of medical problems, including arthritis, Grave's disease, and psoriasis. Appellee incurred approximately $5,800.00 in attorney's fees for services rendered in defending the petition for modification.

Appellant argued in closing that alimony should be terminated because his monthly income is less than appellee's. He further argued that he should not be found in contempt because, the lack of the requisite show cause order aside, he withheld the alimony payments only after appellee began receiving her share of his pension.

Appellee acknowledged that appellant's retirement from full-time employment qualified as a change in circumstance. Evidently alluding to her house purchase, appellee argued that she had reasonably anticipated receiving, under the court's order, both an indefinite alimony award of $1,750.00 and her share of appellant's retirement, and that the equities dictated that the original award not be modified. Appellee further argued that appellant should be considered to be in contempt, "show cause order or not."

The court noted that it could not find appellant in contempt because a show cause order had not been issued. The court held *sub curia* the petition for modification.

On April 6, 2005, the court issued an order reducing appellee's monthly alimony obligation from $1,750.00 to $500.00. The court stated that it "is satisfied that some modification is necessary and that [appellant] is entitled to a reduction of his monthly alimony payment, but that some alimony continues to be due." The court dismissed the petition for contempt, denied appellant's request for attorney's fees, and granted appellee's request for attorney's fees in the amount of $2,500.00. Appellant noted a timely appeal from that order.

On May 10, 2005, appellee filed a petition for appellate attorney's fees to enable her to prepare a response to appellant's appeal to this Court. In the petition, appellee argued that Maryland Code (1984, 2004 Repl.Vol.), § 11–110 of the Family Law Article ("FL") permits the court to award attorney's fees " 'at any point in a proceeding[,]' " which includes anticipated fees and costs incurred in defending an appeal.

Ten days later, appellee filed another petition for contempt and show cause order, arguing that appellant failed to pay her $500.00 in alimony on May 1, 2005, as required by the court's

April 6, 2005 order. Appellee further alleged that appellant failed to comply with the court's order that he pay within 30 days the $2,500.00 in counsel fees that she incurred in defending the petition for modification.

Appellant did not answer appellee's petition for contempt, and, on July 15, 2005, the court granted the petition and entered an order of default. The court ordered appellant to pay $4,000.00 to appellee, representing past due alimony and the attorney's fees that the court had awarded appellee in connection with the petition for modification. The court granted appellee's request for attorney's fees related to the contempt petition and ordered appellant to pay an additional $1,303.75 in attorney's fees associated with appellee's prosecution of that petition.

On August 1, 2005, appellant filed a motion to set aside the court's order of default. In the motion, appellant claimed that he did not file a response to appellee's contempt petition because he believed that, upon noting his appeal in this Court, the circuit court was divested of jurisdiction. Five weeks later, appellant filed a supplemental memorandum in support of his response to appellee's petition, again arguing that the circuit court lacked jurisdiction to take action in the case once the appeal was noted. Appellant further argued that an award of attorney's fees and costs before the fees and costs were actually incurred would be unprecedented and that FL § 11–110 does not permit an award of appellate attorney's fees.

On December 21, 2005, the court conducted a hearing on appellee's petition for advanced appellate attorney's fees. At the hearing, appellee testified that she had not yet signed an attorney retainer agreement for the case on appeal because she could not afford to pay an attorney. Appellee argued that she was a privileged suitor entitled to an advanced award of attorney's fees. She offered, and the court accepted, Mr. John Erly, a Maryland attorney, as an expert in the area of appellate attorney's fees. Mr. Erly testified that, for appellate work, he generally charges a retainer of $5,000.00. He fur-

ther testified that, in his experience, the total cost of bringing an appeal to the Court of Appeals or the Court of Special Appeals typically ranges from $5,000.00 to $10,000.00.

Appellant responded that, because an appeal in the case was pending before this Court, the circuit court lacked jurisdiction to award attorney's fees to appellee. He argued in the alternative that appellee is not entitled to advanced appellate attorney's fees because she is not a "privileged suitor," she failed to demonstrate the need for an award of fees, and such an award would be speculative, in any event.

The court determined that it had jurisdiction to grant an advanced award of appellate attorney's fees, and the court ordered appellant to pay $3,700.00 in attorney's fees to appellee pending the appeal in this case. Appellant noted a timely appeal from that order, and we consolidated the appeal with the earlier appeal from the court's judgment modifying alimony.

## DISCUSSION

### I.

Appellant first contends that the court erred in denying his petition to terminate indefinite alimony. He claims that, because appellee's monthly income exceeds his monthly income, the relative economic positions of the parties necessitate the termination of alimony. He further claims, as he did before the circuit court, that "the retirement payment replaces the alimony payment, warranting termination of alimony." Appellee responds that the court properly analyzed the financial circumstances of the parties and exercised proper discretion by reducing the alimony award from $1,750.00 per month to $500.00 per month.

"[I]n reviewing an award of alimony we 'defer[ ] to the findings and judgments of the trial court[.]' " *Simonds v. Simonds,* 165 Md.App. 591, 606 n. 4, 886 A.2d 158 (2005) (quoting *Brewer v. Brewer,* 156 Md.App. 77, 98, 846 A.2d 1 (2004)). We will not disturb an alimony determination "unless

the trial court's judgment is clearly wrong or an arbitrary use of discretion." *Blaine v. Blaine*, 97 Md.App. 689, 698, 632 A.2d 191 (1993), *aff'd*, 336 Md. 49, 646 A.2d 413 (1994). Furthermore, "[t]he doctrine of res judicata applies in the modification of alimony ... and the [appellate] court may not re-litigate matters that were or should have been considered at the time of the initial award." *Id.* at 702, 632 A.2d 191 (citations and internal quotation marks omitted).

FL §§ 11–101 to 11–112 govern the award of alimony in Maryland. FL § 11–107(b) addresses the modification of alimony awards and provides that, "[s]ubject to § 8–103 of this article and on the petition of either party, the court may modify the amount of alimony awarded as circumstances and justice require."[1] "A party requesting modification of an alimony award must demonstrate through evidence presented to the trial court that the facts and circumstances of the case justify the court exercising its discretion to grant the requested modification." *Langston v. Langston*, 366 Md. 490, 516, 784 A.2d 1086 (2001). Upon a proper petition, the court may modify a decree for alimony "at any time if there has been shown a material change in circumstances that justify the action." *Lieberman v. Lieberman*, 81 Md.App. 575, 595, 568 A.2d 1157 (1990) (citation and internal quotation marks omitted).

There is no dispute in the instant case that appellant's retirement constituted a material change in circumstance warranting the court's consideration of the petition for modification. Concerning appellant's request to terminate or reduce

---

1. FL § 8–103(c) limits modifications of alimony awards as follows:
 *Certain exceptions for provision concerning alimony or support of spouse.*—The court may modify any provision of a deed, agreement, or settlement with respect to alimony or spousal support executed on or after April 13, 1976, regardless of how the provision is stated, unless there is:
 (1) an express waiver of alimony or spousal support; or
 (2) a provision that specifically states that the provisions with respect to alimony or spousal support are not subject to any court modification.

his alimony obligation, the court heard evidence of the following: At age 55, appellant earned almost $85,000 per year. He currently receives a retirement benefit each month, which, after taxes and appellee's pro-rata share, equals $1,662.00. He also earns $8.00 to $9.00 per hour working three days per week for six months per year at a golf course. He pays $200.00 toward his fiancee's mortgage each month and makes a monthly car payment of about $662.00.

Appellee continues to work eight hours per day, five days per week, albeit only nine months per year. She earns $657.08 every two weeks. She has a monthly mortgage payment of approximately $1,285.00 and a monthly car payment of $403.00. After the cost of the former spouse survivor annuity is subtracted from appellee's retirement benefit, she receives a monthly payment of $1239.00, which is $511.00 less than the $1,750.00 alimony payment that she received following the divorce. Appellee's expenses have not decreased in proportion to the decrease in her income; the retirement benefit, therefore, cannot serve as a complete substitute for the alimony payments.

The court determined that, although appellant was properly entitled to a reduction in the amount of his monthly alimony payments, "some alimony continues to be due." Appellant has not persuaded us that the court's decision to reduce but not terminate alimony was an arbitrary exercise of discretion. We therefore affirm that decision.

## II.

Appellant next contends that the court erred in awarding attorney's fees to appellee in defending against the petition for modification. He argues that the circumstances of this case did not warrant a fee award. We disagree.

 FL § 11–110 governs the award of attorney's fees and related expenses in alimony proceedings.[2] Subsection (c)

---

**2.** FL § 11–110 provides in its entirety:

authorizes the court to award either party in an action for alimony reasonable and necessary counsel fees after considering the financial resources and financial needs of both parties and whether there was substantial justification for prosecuting or defending the proceedings. *See Lemley v. Lemley,* 109 Md.App. 620, 632, 675 A.2d 596 (1996). In awarding attorney's fees, the court should consider and articulate the parties' resources and needs. *See Blake v. Blake,* 81 Md.App. 712, 730, 569 A.2d 724 (1990). Although the court's decision to award attorney's fees is subject to appellate review, this Court "will not disturb the award unless that discretion was exercised arbitrarily or the judgment was clearly wrong." *Bro-*

---

(a) *Definitions.*—(1) In this section the following words have the meanings indicated.

(2) "Proceeding" includes a proceeding for:

(i) alimony;

(ii) alimony pendente lite;

(iii) modification of an award of alimony; and

(iv) enforcement of an award of alimony.

(3) "Reasonable and necessary expense" includes:

(i) suit money;

(ii) counsel fees; and

(iii) costs.

(b) *Authority of court.*—At any point in a proceeding under this title, the court may order either party to pay to the other party an amount for the reasonable and necessary expense of prosecuting or defending the proceeding.

(c) *Required considerations.*—Before ordering the payment, the court shall consider:

(1) the financial resources and financial needs of both parties; and

(2) whether there was substantial justification for prosecuting or defending the proceeding.

(d) *Absence of substantial justification.*—Upon a finding by the court that there was an absence of substantial justification of a party for prosecuting or defending the proceeding, and absent a finding by the court of good cause to the contrary, the court shall award to the other party the reasonable and necessary expense of prosecuting or defending the proceeding.

(e) *Expenses paid previously.*—The court may award reimbursement for any reasonable and necessary expense that has previously been paid.

(f) *Counsel fees.*—As to any amount awarded for counsel fees, the court may:

(1) order that the amount awarded be paid directly to the lawyer; and

(2) enter judgment in favor of the lawyer.

*seus v. Broseus,* 82 Md.App. 183, 200, 570 A.2d 874 (1990); *accord Dave v. Steinmuller,* 157 Md.App. 653, 675, 853 A.2d 826 (2004).

 In the instant case, the court heard testimony and received evidence regarding the financial resources and needs of the parties. In the opinion accompanying the order for attorney's fees, the court set forth detailed findings and noted that appellee "was forced to file her contempt petition because [appellant] had ceased making any alimony payments." The court then determined that, from the evidence adduced at the hearing, appellant was "clearly ... in a position to contribute to [appellee's] attorney's fees." The court ordered appellant to pay appellee $2,500.00 in attorney's fees, which represented less than half of the fees she incurred in defending the petition. Under these circumstances, the court's decision that appellant should contribute a portion of appellee's counsel's fees was not an arbitrary exercise of judicial discretion or clearly wrong. We therefore affirm it.

## III.

Appellant next argues that the court erred in granting appellee's petition for advanced appellate attorney's fees. He contends that the court lacked jurisdiction to grant attorney's fees once the matter was the subject of an appeal. He further contends that appellee is not entitled to advanced attorney's fees in any event, because she cannot claim on appeal the status of a privileged suitor. And, he argues that the award itself is inappropriate.

Appellee responds that the only court with jurisdiction to make an award of counsel fees and costs is the trial court. She maintains that appellant ignores the appellate courts' "already tailored case law in this area." Appellee has the better part of the argument.

 We first address appellant's jurisdictional argument. Certainly, once an appeal is pending, the circuit court is prohibited from "exercising its jurisdiction in a way that

would affect the subject matter of the appeal." *See County Comm'rs of Carroll County v. Carroll Craft Retail, Inc.,* 384 Md. 23, 45, 862 A.2d 404 (2004). The circuit court, however, may act upon a spouse's petition for attorney's fees in a divorce proceeding even after an appeal has been entered. *See Staley v. Staley,* 25 Md.App. 99, 112, 113 n. 4, 335 A.2d 114 (noting that the trial court should act upon a wife's application to order her husband to pay her attorney's fees and costs incurred during the prosecution of an appeal *"even after the appeal has been entered,* as such matters are within the jurisdiction of the trial court" (emphasis supplied)), *cert. denied,* 275 Md. 755 (1975). Appellant's appeal from the court's order reducing alimony did not divest the circuit court of jurisdiction to act upon appellee's petition for attorney's fees. The court retained the fundamental power to make the attorney's fees award, "even after the appeal ha[d] been entered." *See id.*

We have said repeatedly that the circuit court is in the best position to make determinations concerning an award of attorney's fees pursuant to FL § 11–110. *See Randolph v. Randolph,* 67 Md.App. 577, 581, 508 A.2d 996 (1986) (declining to address appellee's petition for attorney's fees, which she filed in the appellate court, "because there are various factors to be considered, including the financial status, resources, and needs of each of the parties ... with which the trial court is familiar"); *Wallace v. Wallace,* 46 Md.App. 213, 230, 416 A.2d 1317 (1980) (declining to award attorney's fees to appellee but remanding the issue to the circuit court for consideration of the request). Our cases also make clear that the trial court may award attorney's fees attendant to prosecuting the appeal from an award of alimony. In *Randolph,* for example, we stated our agreement with the contention that FL §§ 11–110 and 12–103 contemplate an award of appellate attorney's fees when an appeal is taken from a decision resolving alimony and child custody issues. 67 Md.App. at 581, 508 A.2d 996; *see also Staley,* 25 Md.App. at 113 n. 4, 335 A.2d 114.

Appellant contends that, even if a circuit court is permitted to award attorney's fees after an appeal has been filed,

appellee is not a "privileged suitor" and therefore is not entitled to an award of appellate attorney's fees. The status of privileged suitor, appellant insists, is accorded only to the party who initiates a trial level proceeding or request for relief, and appeals when such relief was denied in whole or part by the trial court. Appellant points out that, in the instant case, appellee did not initiate the proceeding to modify or terminate alimony and she is not the party appealing from the result in that proceeding.

We do not construe the concept of privileged suitor as narrowly as does appellant. Generally speaking, the award of attorney's fees enables a privileged suitor, *inter alia,* to "investigate, and decide upon the merits of the case." *Guarino v. Guarino,* 112 Md.App. 1, 9, 684 A.2d 23 (1996) (citation and internal quotation marks omitted). We have recognized that a party seeking alimony from his or her spouse may be a privileged suitor, entitled to an award of attorney's fees, if it appears that the party has insufficient funds to pursue the matter. *See Staley,* 25 Md.App. at 113, n. 4, 335 A.2d 114. We said in that case:

> The Court of Appeals has long and consistently held that a wife living separate and apart from her husband is a privileged suitor when she seeks alimony, that as such she is entitled to counsel fees and costs for the prosecution of the trial, and that *the husband should be required to pay counsel fees for services rendered his wife and her costs on an appeal concerning the matter of alimony* when it appears that her income is insufficient to care for her needs and when her appeal was taken in good faith.[3]

*Id.* (concluding that the appellant, the mother in a child support case, was a privileged suitor and remanding the case

---

**3.** Although *Staley* discusses the concept of "privileged suitor" in terms of a wife's seeking alimony from her husband, we later made clear in *Guarino,* 112 Md.App. at 11, n. 2, 684 A.2d 23, and we re-emphasize here, that "[t]here is no 'privileged suitor' because of gender but, rather, the court must look to the need of the party seeking alimony...."

"to permit the trial court to make a proper allowance for counsel fees for prosecuting [the] appeal") (emphasis supplied).

What neither the Court of Appeals nor this Court has directly decided, however, is whether a spouse defending an appeal from an award of alimony is a privileged suitor entitled to advanced attorney's fees. The cases nevertheless strongly suggest as much, and we now make explicit what is implicit in those cases.

■■■ We stated the general rule in *Guarino* that the party seeking alimony is a privileged suitor " 'whether [he] or she be plaintiff or defendant[,]' " *id.* at 8, 684 A.2d 23 (citation omitted), if that party is " 'without means' " or " 'destitute of the pecuniary means of carrying on her suit.' " *Id.* at 11 & n. 2, 684 A.2d 23. As a privileged suitor in the case *sub judice*, appellee is entitled to advanced attorney's fees for carrying on the suit, regardless of whether she is the appellant or appellee on appeal. *See id.* at 8, 11 & n. 2, 684 A.2d 23.

■■■ Moreover, whether or not the court and the parties use the term "privileged suitor," the general rule in Maryland is that a party to a divorce proceeding may be required to pay reasonable counsel fees for services rendered to his or her spouse, both in the trial court and on appeal, when it appears that the spouse's income is insufficient to care for his or her needs. *See Eberly v. Eberly,* 12 Md.App. 117, 128–29, 278 A.2d 107 (1971) (stating that a party to a divorce proceeding may be required to pay the reasonable counsel fees for services rendered to his or her spouse at trial and on appeal, but declining to award attorney's fees to the wife because she earned an income sufficient to cover her own fees); *see also Randolph,* 67 Md.App. at 581, 508 A.2d 996 (stating that FL § 11–110 contemplates an award of attorney's fees when an appeal is taken from a decision resolving alimony issues).

We have said that an award of attorney's fees is within the discretion of the presiding trial judge. *Dave,* 157 Md.App. at 675, 853 A.2d 826. Although the award is subject to appellate review, we will not disturb it "unless it is shown that the

discretion was exercised arbitrarily or the judgment was clearly wrong." *Id.*

The trial court in the instant case decided to award appellee advanced appellate attorney's fees and costs, reasoning as follows:

One of the things it says in [*Guarino* ], the general rule is clear and undisputed that the wife, in these cases, is a privileged suitor and that the court without inquiring into the merits and whether she be a plaintiff or defendant will allow her alimony pendente lite and a sum for carrying on the suit.

I think it would be a little disingenuous to say that you are not a privileged suitor and you could lose your alimony or your award, whatever it was, if you couldn't afford to pay an attorney to represent you as an appellee.... [To] say somebody is a privileged suitor if they want to bring a suit, but they are not a privileged suitor to defend a suit I think is a little bit inconsistent.

The court was correct in its analysis of what the law permits, and the court did not abuse its discretion in deciding to make the fee award. There is, then, no reason to disturb that decision.

■■■ Finally, appellant contends that, even if the court properly granted appellee's petition for advanced appellate attorney's fees, the court erred in awarding appellee $3,700.00. We disagree. As discussed above, the court heard ample evidence from which it could conclude that appellee was not financially positioned to pay an attorney to defend the appeal. The court also heard evidence that the attorney's fees incurred in bringing or defending an appeal typically range from $5,000.00 to $10,000.00. Given appellee's inability to retain counsel to mount a proper defense to the appeal, the court did not abuse its discretion by making the award of $3,700.00.

**JUDGMENTS AFFIRMED.**

**APPELLANT TO PAY THE COSTS.**